TIMOTHY H. FURNISS, Appellant, *v.* JOHN FERGUSON and others, Respondents.

On the sale by one person of a judgment recovered by another, a warranty of title is implied, embracing also a warranty that the judgment is due and unpaid, where nothing is said upon the subject.

Where the defendants, by the terms of the assignment, warranted their title and power to convey the judgment only to the extent of the consideration paid, *held,* to be taken as a limitation, not upon the extent of the title impliedly warranted, but of the liability of the defendants in case of failure.

On the assignment of a judgment, the implied warranty of the amount unpaid, like the implied warranty of title in the sale of personal property, rests upon the presumption of law, that the vendor knows the facts which he impliedly warrants.

The rule of damage where the vendor limits his liability to the amount of consideration paid, &c., stated by the court.

THIS action was brought in the Superior Court of the city of New York. The complaint stated that in August, 1852, the defendants, by a contract in writing, in consideration of $2,586 paid to them by the plaintiff, assigned to him a judgment recovered by Archibald Brown against Justus Wyman, in the State of Alabama, March 5th, 1838, for $6,574.70 damages, with costs, and which had been transferred to the defendants. The complaint set forth the terms of the assignment to the plaintiff, and alleged that Wyman paid to Brown about $1,000 on the judgment before it was assigned by the defendants to the plaintiff, which sum, with interest from the time of payment, the plaintiff claimed to recover. At the trial the plaintiff put in evidence an instrument in writing, signed by the defendants, and dated August 4th, 1852, which, after reciting the recovery and assignment to them of the judgment above described, and that it was then in the hands of George Goldthwaite, attorney, for collection, contained the following words: "Now, therefore, in consideration of $2,586, to us paid, we do hereby assign and transfer to Timothy H. Furniss the said judgment, and all sums collected thereon, and all securities for the same, held as collateral by us or said Goldthwaite, or any one else for our benefit; and

in case said judgment be now paid, or in any manner discharged or transferred to any one else, we assign the proceeds or price of such settlement or sale: this transfer being made subject to any and all contracts entered into by said Goldthwaite, by our authority, on our behalf, in respect to said judgment, prior to notice of this assignment, and also subject to the payment to said Goldthwaite of his costs and charges in relation thereto,; it being the intention of the assignors herein to substitute in their place the assignee herein mentioned, and to transfer to him all their rights to, and growing out of, said judgment, as fully as they are now held and enjoyed by them; and the assignors warrant their title and power to convey the same only to the extent of the consideration paid by the said Timothy H. Furniss." Annexed to the assignment, and referred to therein, was a copy of the judgment, and a certificate purporting to be signed by the clerk of the Circuit Court of Montgomery county, in Alabama, dated August 9th, 1844, to the effect that said copy of the judgment was correct, and that execution had been duly issued on said judgment, and the judgment then remained unsatisfied, as appeared from the execution docket in his office. The plaintiff proved that, prior to April 9, 1839, Wyman made payments on the judgment, amounting to $939.41, which were received by Brown. The plaintiff claimed to recover this sum, with interest at eight per cent., which was admitted by the defendants to be the legal rate of interest on a judgment in Alabama. After the plaintiff's counsel opened the case, and before he gave any evidence, the defendants' counsel moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. When the plaintiff rested, the defendants' counsel renewed the motion to dismiss, on the same ground, and on the further grounds that the facts claimed to be necessary to be alleged in the complaint, but to be wanting, had not been proved; and that the plaintiff, to entitle him to recover, must prove that if the amount collected on the judgment, before its assignment to him, had not been so collected, that amount, or some part of it, would have been

collectible from Wyman after the assignment, and that damage was not to be presumed without such proof. The motion was on each occasion denied, and the defendants excepted. The defendants' counsel then offered to prove that, at the time of the assignment, they did not know that the sums above stated had been collected by Brown, and that Ferguson, who executed the assignment for the defendants, told the plaintiff at the time that he had no knowledge of the amount due on the judgment; also to prove that, at the time of the assignment, the plaintiff's means of knowledge respecting the judgment and the amount due on it were superior to those possessed by the defendants. The court excluded the testimony offered, and the defendants' counsel excepted. Various requests to charge were made by the counsel for each party, and declined by the court, and exceptions were duly taken. The court charged the jury that the plaintiff was entitled to recover the same proportion of the consideration paid by him, and interest thereon, which the amounts collected and paid over to Brown, with interest thereon, bear to the whole amount due on the judgment and interest thereon, and that he could in no event recover more than that. The plaintiff's counsel excepted to the whole of said charge, and the defendants' counsel excepted to that part of it which ruled that the plaintiff was entitled to recover. The jury, under the direction of the court, found a verdict for the plaintiff for $528.92. From the judgment entered on the verdict both parties appealed to the General Term, and the judgment having been there affirmed, each party now appeals to this court. The trial now under review was the third trial of the cause. At the first trial, a verdict was taken for the plaintiff for $2,500, by consent of parties, subject to the opinion of the court at General Term, with leave to order a nonsuit or judgment for the defendants. The General Term set aside the verdict, and dismissed the complaint, with costs. From the judgment entered on that decision, the plaintiff appealed to this court, and the judgment was set aside and a new trial ordered. At the second trial, the jury, under the direction of the court, rendered a verdict for the plaintiff for $2,375.35.

The exceptions taken having been argued at General Term, the court set aside the verdict and ordered a new trial, unless the plaintiff should consent to reduce the amount of damages, which he having omitted to do, the cause was tried a third time, with the result above stated.

*C. A. Peabody,* for the plaintiff.

*Jer. Larocque,* for the defendants.

Smith, J.   The defendants' counsel is mistaken in supposing that the judgment pronounced by this court, in the present case, on the plaintiff's appeal from the judgment of nonsuit in the court below, settled nothing, except that the judgment appealed from was erroneous.   It established, as the law of the case, not only the result expressed in the formal judgment, but also every legal proposition which was essential to sustain the judgment, and which was assented to by a majority of the court.   The evidence of the grounds on which the court placed their judgment is found in the opinion delivered by Judge Selden, and concurred in by four other judges, on all points, except as to the measure of damages.   The positions maintained in that opinion, and which were necessary to the conclusion reached by the learned judge and adopted by the court, are these: 1. That, on the sale by one person of a judgment recovered in the name of another, a warranty of title is implied, embracing also a warranty that the judgment is due and unpaid, where nothing is said on the subject. 2. That, as a result from the foregoing proposition, the law implies, in the present case, a warranty on the part of the defendants, that the whole amount of the judgment remained due and unpaid at the time they assigned it to the plaintiff, except so far as such warranty is precluded or limited by the terms of the assignment.   3. That the assignment contains no limitation of such warranty, unless it is found in that clause which assigns to the plaintiff the judgment, "*and all sums collected thereon,*" &c.   4. That, if the words, "all sums collected thereon," are qualified by the subsequent words, "for our benefit," then the defendants are liable upon

an implied warranty that the whole amount of the judgment•
was due, except such sums as had been paid thereon *to them*
or for their benefit; but, if the two expressions above quoted
are disconnected, then the defendants are liable upon a simi-
lar warranty that they could transfer all sums paid on the
judgment, whether before or after the assignment to them;
and, 5. That the declaration by the defendants, in the
assignment, that they warrant their title and power to con-
vey the judgment only to the extent of the consideration
paid, is to be taken as a limitation, not upon the extent of
the title impliedly warranted, but of the liability of the
defendants in case of its failure. It will be observed, that
the fourth of these propositions is in the alternative. It lays
down the rules respecting the extent of the implied warranty,
one or the other of which is to be applied to the case, accord-
ing to the disposition that shall be made of the question of
grammatical construction therein stated; but that question
is left open, and it is material only to the rule of damages, as
will be seen hereafter. In all other respects, the several
propositions above stated are *res judicatæ*, so far as they
apply to the case then and now before the court.

In thus accepting the foregoing propositions, we do not
assert the entire correctness of each of them, either in general,
or as applied to the terms of the agreement before the court.
The question of their correctness we do not entertain. We
take them as we find them — a declaration of the law, pro-
nounced by this court in the present case, after due delibera-
tion; and we hold them to be unquestionable and conclusive
in this action.

The liability of the defendants, and the grounds on which
it rests, being therefore established, it remains only to con-
sider some of the other points raised on the trial, including
those relating to the measure of damages. It is convenient
to take them up in the order in which they arose at the trial.

The testimony offered by the defendants to prove that, at
the time of the assignment to the plaintiff, the assignors, and
each of them, were ignorant that the sums in question had
been collected on the judgment, was clearly inadmissible.

The implied warranty, in this case, of the amount unpaid, like the implied warranty of title in the sale of a personal chattel, rests upon the presumption of law that the vendor knows how the fact is which he impliedly warrants. Although a purely artificial presumption, created by the law, it yet belongs to that class of presumptions, which, relating to mere matters of property, "are grounded upon reasons of policy and convenience, to prevent social discord and to fortify private right." (Wills on Circumstantial Ev., 19.) Parties entering into a contract to which such a presumption applies, are deemed to contract with reference to it, unless a contrary intention is expressed in the agreement. Such presumptions are absolutely conclusive, and "against them courts may and do reject all evidence."

For this reason the judge also properly overruled the offer to show that, at the time of the assignment, the defendant Ferguson, who executed it for his co-defendants, told the plaintiff that he had no knowledge as to the amount due on the judgment.

The testimony offered, respecting the plaintiff's means of knowledge as to the amount unpaid at the time of the assignment, was of a different character. If the defendants had offered to show that the plaintiff knew, at the time the judgment was assigned to him, that the sums in question had been collected by Brown, or to show circumstances that would have authorized the jury to find such knowledge on his part, the testimony would have been competent, for the reason that a general warranty, whether express or implied, does not extend to a defect known to the purchaser. But the offer was far short of this. It was merely to show that the plaintiff had made inquiries, either personally or through his correspondents in Alabama, as to the situation of the judgment and the amount due upon it, and that he had means of knowledge superior to those possessed by the defendants. It was not an offer to prove specific facts, nor did it propose anything warranting the conclusion that the plaintiff actually knew that the payments referred to had been made.

The only remaining subject which it is necessary to consider is the measure of damages. The judge charged the jury that the plaintiff was entitled to recover the same proportion of the consideration paid by him, and interest thereon, which the amounts collected and paid over to Brown, with interest thereon, bear to the whole amount due on the judgment, including interest, and that he could, in no event, recover more than that. This instruction is in accordance with the rule of damages suggested by Judge SELDEN in his opinion, and we regard it as correct. In reference to the question of construction, which we have said was left open by the former decision of this court, we think the words in the assignment, "all sums collected thereon," are qualified by the subsequent words, "for our benefit;" and, hence, it follows, according to the previous decision, that the defendants are liable upon an implied warranty that the whole amount of the judgment was due, except such sums as had been paid thereon *to them*, or for their benefit. In fact, no part of the judgment had been paid to them, but Brown had collected a part of it before it was assigned to them. They did not undertake to assign the moneys collected by Brown, as is argued by the plaintiff's counsel, but to the extent of those moneys their title to the judgment failed, and their warranty was broken. The rule of damages for such breach, but for the express agreement of the parties, would have been the usual rule in cases of breach of warranty of goods sold: to wit, the difference between the value of the thing sold as it actually was, and what its value would have been if it had answered the warranty. But the parties have prevented the application of that rule, by stipulating that the assignors warrant their title and power to convey the judgment, only to *the extent of the consideration paid*. That stipulation, as this court held on the former appeal, limits the liability of the defendants in case of failure of title. The limitation is not confined to the case of a *total* failure, as suggested by the plaintiff's counsel.

The measure of damages which is adopted in case of total failure, in accordance with the arrangement of the parties,

should be applied proportionately, in case of partial failure. This is clearly equitable, and accords with the intention of the parties, as far as it can be inferred from their agreement. Beyond the limit fixed by this rule, the plaintiff cannot recover, by reason of the stipulation referred to.

In general, the value of an obligation for the payment of money is, *prima facie*, the amount of money which the obligor is liable to pay thereon. (28 N. Y., 641.) That rule is applicable to a judgment for the recovery of money. There is nothing in the present case to overcome the *prima facie* evidence of the value of the judgment. The certificate of the clerk of the court of the county of Montgomery is insufficient to prove the insolvency of the judgment debtor (even if it is evidence of the matters therein stated), as it does not show that the execution issued had been returned. For aught that appears, it was in the sheriff's hands at the date of the certificate, and the judgment debtor was possessed of sufficient property to satisfy the judgment. The plaintiff was, therefore, entitled to recover damages within the limit above stated.

The judgment should be affirmed; neither party to have costs against the other, on the present appeals to this court.

Judgment on both appeals affirmed without costs to either party.