GERARD L. HAPWORTH, Respondent, v. JOHN W. GRIEVSON and JOHN SYRACUSA, Appellants.— Judgment in so far as it relates to the defendant John Syracusa reversed on the law, with costs, and the complaint dismissed as to said defendant, with costs, and judgment in so far as it relates to the defendant John W. Grievson modified on the law and the facts and as modified affirmed, without costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: Unless specially empowered to do so, one partner has no authority to dispose of the capital assets of a partnership. The partnership involved here, however, had discontinued the business for which it was formed. Sale of the capital assets, consisting of machinery and tools, was the only undisposed of business. By common consent both partners were endeavoring to sell these assets. Before the sale to Syracusa, plaintiff had sold part of the assets and had received $100 therefor. Under this arrangement, neither partner was required to give notice to the other of an intention to sell. (*First Nat. Bank* v. *Farson*, 226 N. Y. 218, 221, 222; *Caplan* v. *Caplan*, 268 id. 445, 450; *Geortner* v. *Trustees of Canajoharie*, 2 Barb. 625, 629; *Browning* v. *Marvin*, 22 Hun, 547, 549; *Bennett* v. *Buchan*, 53 Barb. 578, 583; revd. on another point in *Bennett* v. *Buchan*, 61 N. Y. 222; *Robbins* v. *Fuller*, 24 id. 570, 572; *Egberts* v. *Wood*, 3 Paige, 516, 523; *Gray* v. *Green*, 142 N. Y. 316, 320; Partnership Law, art. 3, § 20; *Mabbett* v. *White*, 12 N. Y. 442, 454; Partnership Law, art. 6, § 66.) In the absence of an agreement, and there was none here, plaintiff was entitled to no allowance for his services. (*Levy* v. *Leavitt*, 257 N. Y. 461, 466-472; Partnership Law, art. 4, § 40, subd. 6.) Plaintiff's partner rendered expert services to the partnership of equal value to those rendered by the plaintiff. For these he is entitled to no compensation. The services of the one should offset those of the other. For their compensation the partners relied on an equal division of anticipated profits. No receiver is necessary to carry out the terms of the judgment in this action. The appointment of one would result in needless expense. All concur. (The judgment dissolves a partnership and directs a sale of the assets of the company.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.