Chables J. Beckinella, J.
Each of the three motions herein seeks a dismissal of specific causes of action contained in the complaint, for legal insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, or in the alternative, - corrective relief is sought under rules 90, 92,102 and 103 of the Rules of Civil Practice and sections 241 and 258 of the Civil Practice Act.
On September 29, 1955 plaintiff and defendant Charlotte S. Morrell entered into a contract, Exhibit “ A ” annexed to the complaint, by the terms of which plaintiff agreed to purchase and Charlotte S. Morrell agreed to sell a one-half interest in a liquor store upon the terms and conditions therein set forth, subject to the approval of the New York State Liquor Authority.
On the same day, defendant Samuel Morrell executed and delivered to plaintiff Exhibit “ B ” annexed to the complaint, guaranteeing to the plaintiff the repayment of the sums advanced by plaintiff to defendant Charles S. Morrell under the afore-mentioned contract in the event of the failure to obtain the required approval of the New York State Liquor Authority.
Plaintiff instituted this action against the said Charlotte and Samuel Morrell (wife and husband) and also named as defendants in two of the eight causes of action Sanford H. Cohen and Harry Harris, both attorneys who represented Charlotte S. Morrell in proceedings before the State Liquor Authority and in the Magistrates’ Court in proceedings brought upon the complaint of Charlotte S. Morrell against the plaintiff.
The court will consider the motions separately and dispose of them seriatim.
The motion by defendants Morrell seeks:
I (A) An order to dismiss the first cause of action against Charlotte S. Morrell for legal insufficiency. This cause is to recover for an alleged breach of the written contract (Exhibit “A”) for the purchase and sale of a one-half interest in a liquor store business. Defendant urges that the contract is on its face nothing more than “ an agreement to agree that it was conditioned upon the approval of the State Liquor Author *178 ity; that it is unenforcible as a contract because there are too many matters left open for future negotiations, such as the duration of the partnership provided for in said agreement, the rights of the surviving partner, drawings against capital account, etc.
The court does not construe the contract in question as an agreement to agree. It is an agreement of sale and partnership subject only to the condition that the State Liquor Authority approve the application therefor. The contract herein which as a whole contemplates an association of two persons to carry on as co-owners a business for profit creates a partnership (Partnership Law, § 10; see Martin v. Peyton, 246 N. Y. 213, 218). In the absence of a showing of intention as to the duration, the partnership will be deemed to be one at will. (Hardin v. Robinson, 178 App. Div. 724, 728; Hannevig & Johnsen v. Lougheed, 180 App. Div. 579.) See, also, Quinn v. Reed (85 Misc. 510), holding that an oral agreement whereby the owner of a saloon who for a cash consideration sold a one-half interest in the business created a partnership inter se despite the fact that nothing was said with respect to the duration of the venture. Although provisions with respect to such matters as drawings out of capital account and the rights of a surviving partner may be desirable and properly included in a partnership agreement, the absence of such provisions does not per se render a contract fatally defective. Subject to any specific agreement between the partners, their rights and duties to one another are set forth in the provisions of the Partnership Law. (See Partnership Law, § 40 et seq.)
The gravamen of the “first cause of action” against the defendant Charlotte S. Morrell is a breach of the agreement on her part in failing and refusing to make application and her statement of intention not to make such application to the State Liquor Authority for its approval of the contract. The facts alleged in said cause of action are legally sufficient and the motion to dismiss is denied.
I (B) The alternative relief sought pursuant to rule 92 of the Rules of Civil Practice to strike paragraphs “ Fifth” and ' ‘ Sixth ’ ’ of said cause. of action is granted on consent with leave to plaintiff to serve an amended complaint properly pleading satisfaction or performance of conditions precedent.
II (A) An order to dismiss the “first cause of action” against the defendant Samuel Morrell for legal insufficiency. The facts alleged are sufficient to set forth a cause of action. The vice of this part of the pleading is that it apparently com *179 mingles two causes of action — one upon the guarantee of Samuel for a breach of performance by Charlotte; and the other for damages for unlawfully urging and inducing Charlotte to breach her contract with plaintiff. Therefore that part of the motion to dismiss said first cause of action against Samuel Morrell is denied but the alternative relief sought under subdivision II (B) of the notice of motion is granted and plaintiff is directed to serve an amended complaint pursuant to rule 90 of the Buies of Civil Practice separately stating and numbering each cause of action as indicated hereinabove.
III (A) An order to dismiss the “ second cause of action against defendant Samuel Morrell ” for legal insufficiency. The facts alleged are sufficient to set forth a cause of action but here again more than one cause of action is stated. Accordingly, dismissal of the second cause of action is denied but the alternative relief sought under subdivision III (B) of the notice of motion is granted as prayed for.
IV (A) An order to dismiss the “ third cause of action as against the defendant Charles S. Morrell” for legal insufficiency. Plaintiff characterizes this cause of action as one for malicious prosecution. However, plaintiff has set forth his grievance with so many allegations sounding in breach of contract, false arrest, abuse of process and attempted extortion, as well as to allege irrelevant details of conferences, family meetings and like matters of evidentiary character as to violate the requirements of section 241 of the Civil Practice Act. The pleading is unnecessarily prolix, redundant, repetitious and confusing. Under the circumstances the defendants will not be required to make an answer to such a pleading nor will the court make selection from the mass of verbiage and superfluous matter to isolate the facts that are material.
Accordingly this cause of action will be stricken with leave to plaintiff to serve an amended complaint following proper methods. (See Peabody & Co. v. Travelers Ins. Co., 206 App. Div. 207, 208; Conner v. Bryce, 170 N. Y. S. 94, 97; Isaacs v. Washougal Clothing Co., 233 App. Div. 568; Cohen v. Pyramid Bond & Mtge. Corp., 235 App. Div. 811.)
V (A) An order pursuant to rule 103 to strike out from the fourth cause of action against Charlotte S. Morrell the allegations of paragraph 56 and portions of paragraph 59. Although the legal sufficiency of this cause of action is not challenged, it is equally prolix and violative of the rules of proper pleading as is the third cause of action. Consequently, in the interest of expediency and clarity and in consonance with the disposition *180 of the objections to the third cause of action, and for the same reasons, the entire fourth cause of action is stricken out with leave to plaintiff to serve an amended pleading following proper methods.
VI (A) and VII (A) seek a dismissal of the first and second causes of action against all the defendants for legal insufficiency. The first of these causes incorporates by reference the allegations of the third cause of action against Charlotte S. Morrell and the second similarly incorporates the allegations of the fourth cause of action against said Charlotte S. Morrell. In view of the disposition indicated above requiring the service of an amended pleading of said third and fourth causes of action against Charlotte S. Morrell, the first and second causes of action against all the defendants will be stricken out with leave to plaintiff to plead over.
In the light of the foregoing the motions of defendants Sanford H. Cohen and Harry Harris to dismiss the causes of action attempted to be alleged as against them are granted with leave to plaintiff to plead oven.
Amended pleading to be served by plaintiff ivithin 20 days from the service of the orders to be entered hereon with notice of entry thereof.
Settle orders on notice accordingly.