■ DAVID KASEN, Respondent, v. CHARLOTTE S. MORRELL et al., Appellants, et al., Defendants.— Appeal from so much of an order as denied a motion, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the first cause of action in the complaint (which was pleaded solely against appellant Charlotte S. Morrell) and the third and fourth causes of action in the complaint (which were pleaded solely against appellant Samuel Morrell). Order affirmed, with $10 costs and disbursements. The first cause of action is based on the alleged breach of a written contract between respondent and appellant Charlotte S. Morrell, the owner of a licensed retail liquor store, pursuant to which respondent agreed to purchase, and said appellant agreed to sell, a one-half interest in the liquor store and to become partners in the business, conditioned on the approval of the State Liquor Authority of the application for the retail liquor store license necessary for the sale of the one-half interest and the creation of the partnership. It was agreed therein that application to the State Liquor Authority for approval would be made within a reasonable time and that, in the event the State Liquor Authority did not approve the purchase within four months from the date of the contract, the sale would become of no effect and all money paid to said appellant should be returned to respondent within 60 days thereafter. The contract provided that, subject to the provisions therein contained, respondent and said appellant would become partners in the business. It was also provided therein that " Upon the approval by the State Liquor Authority, as hereinafter provided, the parties hereto, at the closing, will enter into a partnership agreement to effectuate the purposes of this agreement." The complaint was verified about 19 months after the contract was executed. In the first cause of action, it is ?'·,ged that respondent loaned $10,000 to said appellant and paid $5,000 on account of the purchase price, pursuant to the terms of the contract, and that respondent is willing to abide by the agreement and to perform. It is also alleged that said appellant failed and refused to make the application to the State Liquor Authority for the approval and sale of the one-half interest in the business and the creation of the partnership. Appellants contend that since the contract provided that, on approval by the State Liquor Authority the parties would enter into a partnership agreement to effectuate the purposes of the agreement, the first contract was nothing more than an agreement to agree and therefore unenforcible. They refer to the fact that there are no provisions in the contract for the duration of the partnership, the drawings of the partners, how the business should be managed and what should happen on the death of a partner or the dissolution of the partnership. The contract was not a mere brief memorandum. It had many provisions which need not now be described. From the contract itself, it is evident that it was executed with consideration of the restrictions imposed by the Alcoholic Beverage Control Law and the Rules of the State Liquor Authority on the issuance and transfer of licenses, and with consideration of the approval required of persons who have, or seek to acquire, interests in licensed premises. It is evident that the contract was executed with the realization that a license is a valuable asset of the owner of licensed premises (see, e.g., *Monclova* v. *Arnett*, 3 N Y 2d 33). A contract is to be interpreted in accordance with the intention of the contracting parties. Custom or usage, when the parties know or have reason to know of the custom or usage, when the custom or usage is reasonable, uniform, well

settled, not in opposition to fixed rules of law and not in contradiction of the express terms of the agreement, is deemed to form a part of the contract and to enter into the intention of the parties. The parties are presumed to contract in reference to the law of this State (*Frye* v. *State of New York*, 192 Misc. 260, 264–265). Unless "a contract provides otherwise, the law in force at the time the agreement is entered into becomes as much a part of the agreement as though it were expressed or referred to therein, for it is presumed that the parties had such law in contemplation when the contract was made and the contract will be construed in the light of such law" (*Dolman* v. *United States Trust Co.*, 2 N Y 2d 110, 116). In our opinion the allegations in the first cause of action do not require a determination that an agreement on material elements had not been made and that the contract was unenforcible (*Spiritusfabriek Astra of Amsterdam, Holland* v. *Sugar Prods. Co.*, 176 App. Div. 829, affd. 221 N. Y. 581; cf. *Ansorge* v. *Kane*, 244 N. Y. 395). The "purposes of this agreement" could have been effectuated by the application of the Partnership Law (see, e.g., *Spiritusfabriek Astra of Amsterdam, Holland* v. *Sugar Prods. Co.*, supra). Even if the contract were unenforcible, it would not be proper to dismiss the cause as insufficient since it states a cause of action at least for the return of the money paid by respondent pursuant to the contract (*Nisofsky* v. *Simon*, 280 App. Div. 874; see, e.g., *Healy* v. *Hourigan*, 276 App. Div. 1085). So far as the causes of action against appellant Samuel Morrell are before us for review, they cannot be dismissed as insufficient even if the contract between respondent and Charlotte S. Morrell were unenforcible. They state at least causes of action to recover damages for breach of a contract signed by appellant Samuel Morrell, the husband of the other appellant, on the same date that the other contract was executed, guaranteeing, in part, performance by the wife of her contract. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. [10 Misc 2d 176.]