Harold Baer, J.
This action brought for an accounting was submitted to the court on an agreed statement of facts. Findings of fact and conclusions of law were waived. The answer, in addition to denials of the allegations of the complaint, pleads payment and counterclaims at law for an alleged overpayment and for expenses of conducting the joint venture here involved.
During the years 1952 and 1953, the parties entered into a joint venture to purchase chrome and manganese ore in Turkey. *358 The defendant handled the entire business transaction. The plaintiff assisted in financing the transactions personally and by obtaining letters of credit from domestic banking connections. The transactions involved over two million dollars and were further complicated by foreign exchange difficulties, including the devaluation of the Turkish lira, agents’ fees and expenses in Turkey, and a number of situations which resulted in voluminous correspondence between the parties.
The plaintiff inquired frequently and the defendant attempted to explain, but often the explanations were not too clear. In between times the parties spoke to each other and it must be assumed that plaintiff entered into the venture realizing that the defendant had the knowledge and experience for this business, the plaintiff was only required for the financing. Plaintiff must have been satisfied with respect to particular inquiries as the record is devoid of requests for further information about such specific inquiries.
By May, 1954 the venture drew to a close and then the correspondence is concerned mainly with figures and an accounting. There is an accounting to May 1,1954 which is admittedly incomplete and a later accounting which also leaves a few open matters. Here for the first time is there mention of a division of profits on the basis of proportionate investment (40% to plaintiff and 60% to defendant), and also for the first time defendant mentions expenses, “ for running this affair ”.
After the above accounting, plaintiff received permission to send Ms own accountant to examine defendant’s books. After “spending two whole days in Philadelphia”, at defendant’s place of business plaintiff complained of two items in the account. The first was a mathematical error of $10,000. The second was the profit distribution on the 40% to 60% basis. He advised defendant that, “ There should be no question that the arrangement was 50% ”.
The last communication between these parties was on November 25,1955 and a recapitulation of the accounting was enclosed.
Nothing was done by plaintiff until this action was commenced about 17 months later. The action was not prosecuted expeditiously. The plaintiff died in December, 1960 and Ms administrator has been substituted as plaintiff.
The account is complete. It was accepted by the plaintiff after his accountant had access to the books and records, with the exception of two items. (Lockwood v. Thorne, 11 N. Y. 170 ; Rodkinson v. Haecker, 248 N. Y. 480, 485 ; Corr v. Hoffman, 256 N. Y. 254, 259 ; Knickerbocker v. Gould, 115 N. Y. 533 ; Schmid v. *359 Du Val, 200 App. Div. 514.) The mathematical error was corrected. The percentage arrangement was not corrected nor was it accepted by the plaintiff. It must be assumed from the available evidence that this was an equal partnership in profits or losses (Partnership Law, § 40 ; Kasen v. Morrell, 10 Misc 2d 176, 178 ; see 30 Am. Jur., Joint Adventures, § 5). Further it will be assumed that defendant was to absorb office expenses incurred in his part of the joint venture business just as plaintiff absorbed expenses at his end with respect to financing. (Partnership Law, § 40, subd. 6 see Levy v. Leavitt, 257 N. Y. 461, 466-472 ; Hapworth v. Grievson, 255 App. Div. 927.)
The counterclaim for expenses is disallowed. The plaintiff is entitled to 50% of the profits which requires the correction of the recapitulation so that instead of plaintiff owing defendant $2,187.50, the defendant owes the plaintiff $2,029.92, with interest from November 30,1954.
It would be most inequitable to grant an accounting at this time. It would be unduly burdensome in the light of the very complicated transactions that took place in foreign countries eight or nine years ago. There was opportunity for full inspection and investigation six years ago. Even though laches has not been pleaded as a defense, the failure to prosecute expeditiously, under the circumstances, is an additional reason for denying the relief demanded (New York Automobile Co. v. Franklin, 49 Misc. 8, affd. 134 App. Div. 908, affd. 202 N. Y. 557).
The accounting is denied, the counterclaim dismissed and the plaintiff may enter judgment against the defendant for $2,029.92, with interest from November 30, 1954. Ten days’ stay.