---

(173 App. Div. 680)

### BERGER v. BURDEN et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. CORPORATIONS ☞320(3)—OFFICERS—LIABILITY TO MEMBERS—SHAREHOLDER'S RIGHT TO SUE.

A stockholder cannot require a director to account to him for wrongfully disposing of the corporation's assets, for only the corporation, or its receiver, is entitled to such an accounting.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1428; Dec. Dig. ☞320(3).]

2. CORPORATIONS ☞320(2)—OFFICERS—LIABILITY TO MEMBERS—RIGHT TO SUE.

Plaintiff cannot maintain a stockholder's suit against a corporation's officers, where no stock has been issued, although the certificate of incorporation was filed and business had been done under the corporate name for several months.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1427; Dec. Dig. ☞320(2).]

3. CORPORATIONS ☞99(2)—CAPITAL STOCK—POWER TO ISSUE.

Under Stock Corporation Law (Consol. Laws, c. 59) § 55, a corporation can only issue stock in return for payment in money, services, or property.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 445; Dec. Dig. ☞99(2).]

4. CORPORATIONS ☞320(11)—OFFICERS—LIABILITY TO MEMBERS—SUFFICIENCY OF EVIDENCE.

A finding that plaintiff paid for corporate stock, to be issued him, by delivering certain secret formulæ to the corporation, *held* against the weight of the evidence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1437; Dec. Dig. ☞320(11).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CORPORATIONS ☞320(11)—OFFICERS—LIABILITY TO MEMBERS—SUFFICIEN-
    CY OF EVIDENCE.
        Evidence *held* to show that certain formulæ that plaintiff was to de-
    liver to the corporation were without substantial value, and could not
    constitute payment for an issue of stock, within the meaning of Stock
    Corporation Law, § 55.
        [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1437; Dec.
    Dig. ☞320(11).]

Appeal from Special Term, New York County.

Action by Nathan I. Berger against Peter Burden and J. Russell
Parker. From a judgment for plaintiff, defendants appeal. Reversed
and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT,
SMITH, and PAGE, JJ.

Frederick A. Keck, of Brooklyn, for appellants.
Edward J. Shumway, of New York City, for respondent.

SMITH, J. This is a stockholders' action, brought by one Berger
against Burden and Parker, on behalf of the National Architects'
Bronze Company; the wrong alleged being that the defendants sold
all the property of the company and appropriated the proceeds.

It appears that in August, 1910, the plaintiff and one Switzer called
on Burden and informed him that the factory where they were em-
ployed had gone into the hands of a receiver, suggested that he could
purchase it at a bargain and run it with their assistance at a large
profit, and the parties thereupon made the following agreement:

"Memorandum of agreement made this 30th day of August, 1910, between
J. Russell Parker, party of the first part, Nathan I. Berger, party of the sec-
ond part, and Andrew Switzer, party of the third part, witnesseth: That for
and in consideration of the sum of $1 each to the other in hand paid, the
receipt whereof is hereby acknowledged, have agreed to the following cove-
nants and agreements:

"First. The parties hereby agree to incorporate under the laws of the state
of New York, under a suitable name and for a capital stock to be agreed
upon, and to divide the capital stock as follows: To J. Russell Parker 51 per
cent. of the capital stock, Nathan I. Berger 35 per cent. of the capital stock,
and to Andrew Switzer 14 per cent. of the capital stock.

"Second. The said Parker agrees to transfer and deliver all goods, chat-
tels, machinery, and fixtures purchased this day by him from Ralph Folk,
receiver of the Architects' Standard Bronze Company to the newly organized
corporation for the said 51 per cent.

"Third. The minutes and by-laws of said corporation to be mutually agreed
upon by the parties hereto. The said by-laws to provide for a directorate of
four.

"In witness whereof, we have hereunto set our hands and seals the day
& year first above written.
                                        "Andrew Switzer.   [L. S.]
                                        "Nathan I. Berger.  [L. S.]
                                        "J. Russell Parker, [L. S.]
                                              "Per Peter Burden, Agt.
"In the presence of"

In pursuance of this agreement Burden bought the factory for
$2,100, turned it over to the corporation, and commenced the opera-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion of the business under the corporate name, with the assistance of Berger and Switzer, who received salaries of $50 and $35 a week, respectively. He also advanced $2,900 for working capital and made further advances, which sums were to be repaid to him from earnings of the company, taking a note therefor for $5,853.79, dated October 10, 1907, payable to Burden & Co., "for moneys advanced and loaned to the National Architects' Bronze Company," and signed by "Peter Burden, President, Andrew Switzer, and Nathan Berger."

The contention of the defendants is that the plaintiff and Switzer were out of employment, and came to the defendant Burden, and induced him to make the agreement set forth, representing to him that they could do a business of $2,000 a week and make thereon a net profit of 50 per cent.; that as a part of the agreement it was stipulated between them that the money should be advanced and the experiment made, and if successful the corporation's stock should be divided in the proportion specified in said agreement and the business continued; that the experiment was made for two months, but that, instead of making a profit, the business was run at a substantial loss, so that the incorporation was abandoned and the stock never delivered, and that the defendant Burden lawfully resumed possession of the property, which he had turned over for the purposes of the experiment, and sold the same, and is not liable either to the plaintiff individually or to the corporation for his acts.

[1, 2] In the eleventh paragraph of plaintiff's complaint it is alleged that this action is brought by plaintiff "as director, secretary, general manager, and stockholder of said defendant National Architects' Bronze Company, and on behalf of said company and of the stockholders thereof who will come in and pay their share of the expense of this suit."

The judgment in the action requires the defendants to account to the plaintiff individually. If this be a stockholders' action, this judgment is clearly irregular, and the defendants should be required to account only to the corporation or a receiver to be appointed. But the difficulty in my judgment lies in the fact that the plaintiff is not a stockholder. While the certificate of incorporation was filed and business was done for two months under the corporate name, no stock was in fact ever signed or issued. This is not a case of stock once issued, which has not in form been transferred to one who claims to be a stockholder. It is the case of an uncompleted incorporation with stock wholly unissued, and until plaintiff can have issued to him the stock to which he claims he is entitled he has no standing to proceed in behalf of himself or of the other stockholders in an action to compel an accounting to the corporation.

[3, 4] Nor has plaintiff shown himself entitled to receive the stock stipulated for in the agreement. By section 55 of the Stock Corporation Law no stock can be issued, except for services actually rendered or for property of equal value actually transferred. There is no claim that Berger's stock was to be issued for services rendered, but it is claimed that it was to be issued for certain secret formulæ to be transferred to the corporation. The trial court has in his

formal decision found that these formulæ were delivered; but this finding is clearly against the weight of evidence. The defendant Burden and his son both swear to the contrary; the purchaser from Burden of this property swears that no such formulæ were found among the papers transferred; Werblin, the confidential man of the plaintiff, swears that no such formulæ were delivered to him. While in the decision it is found that such formulæ were delivered, in response to defendant's request the court found:

"(27) The defendants Burden and Parker never received from Berger any formulæ for any process of manufacture of any kind."

This finding is clearly inconsistent with the testimony of Berger, and is consistent with the testimony of the defendant, and, in our judgment, with the weight of the evidence.

[5] But there is another difficulty here. The weight of the evidence is to the effect that there were no secret formulæ, such as to constitute a separate property of value. This is distinctly sworn to by two witnesses in behalf of the defendant. After the property was sold to Lebowitz, Berger remained with him about a week. Thereafter the same goods were manufactured by others without any pretense that any formulæ were transferred. The evidence of the vendor of the chemicals used in this process is to the effect that the process is not a secret one, but is used by five or six different concerns who manufacture the same goods. This evidence is not denied by plaintiff. The process is called the galvano plastic operation, which is a common process that has been known for 100 years. It is true that there are slight modifications used in the process by each operator, as each kitchen cook will use a slightly different mixture in her compounds. There is no evidence in the case, however, that there is any such variation from the general formulæ as to constitute any secret process which was of substantial value to this corporation. That no substantial value was contemplated to be delivered by this plaintiff to the corporation is confessed by the acts of Werblin, the confidential adviser of the plaintiff, and his witness upon the stand, to the effect that, while the agreement provided that 51 shares should go to Burden and the remaining 49 to Berger and Switzer, nevertheless it was arranged that 97 of the shares of stock should be made out directly to Burden, and that Berger and Switzer should procure their stock to be assigned from Burden. This arrangement is only explained by the knowledge that no value was given, either by Berger or Switzer, for this stock, within section 55 of the Stock Corporation Law.

We have here, then, two workmen out of employment, both of them, if you please, skilled workmen. Upon their representation to a third party with capital that money can be made, a plant is purchased for about $2,000; $5,800 is further advanced to begin the operation, which in two months demonstrates that no profit can be made. After the loss by this third party of his $5,800 invested, it is claimed that he should give 49 per cent. of the value of the plant that he has furnished to the parties who induced him to try the experiment. The equities are all with the defendants, and the plaintiff should not be allowed to recover, except upon a clear showing of right.

The judgment should therefore be reversed upon the law and facts, and a new trial ordered, with costs to appellant to abide the event.

The findings of fact of which this court disapproves are the third, tenth, eleventh, fourteenth, fifteenth, seventeenth, twentieth, and twenty-fourth. All concur.

PAGE, J. I concur in the reversal of the judgment and the granting of a new trial on the following grounds:

The judgment directs the defendants, including the defendant corporation, "to account to Nathan I. Berger, the plaintiff, for the value of the property and assets and good will as a going concern of the defendant National Architects' Bronze Company as of November 15, 1910, and for all damage sustained by the plaintiff, Nathan I. Berger, by reason of the unlawful transfer of the aforesaid property, assets, and good will of the defendant National Architects' Bronze Company."

This relief, which is the only relief granted by the judgment, the plaintiff certainly could not obtain in a derivative cause of action, such as the complaint purports to set forth. In such a cause of action the directors can only be compelled to account to the corporation and to no one else, and the rights of the plaintiff as a stockholder individually are not in issue. The plaintiff, in the light of certain allegations of the complaint, on the other hand, might have a cause of action against the defendants for breach of his contract with them to form a corporation and engage in the business of metalizing. The plaintiff and the learned trial court have apparently confused these two causes of action in one, and created a result which it is impossible to sustain on any theory.