Charles E. Dancey, Respondent, v. Brieger Press, Inc., Appellant, and Others, Defendants. (Appeal No. 1.)— Order reversed on the law, with ten dollars costs and disbursements, and motion to dismiss the complaint granted, with ten dollars costs, on the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause or action, on authority of *Dancey* v. *Brieger Press, Inc.* (*post*, p. 861), decided herewith. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

Charles E. Dancey, Respondent, v. Brieger Press, Inc., Defendant, Impleaded with Madison Square Press and Others, Appellants. (Appeal No. 2.) — On appeal by defendants Madison Square Press and Madison Square-Brieger Press Corporation, order reversed on the law, with ten dollars costs and disbursements, and motion to dismiss complaint granted, with ten dollars costs. As to defendant, appellant, Max V. Miller, order in so far as it denies the motion to make the complaint more definite and certain and that certain matters be struck out as irrelevant and redundant reversed on the law, and motion granted, with ten dollars costs, to the extent of providing that plaintiff be directed to serve, within twenty days from the entry of the order herein, an amended complaint, omitting therefrom all irrelevant and redundant matter and making it more definite and certain. We are of the opinion that the complaint must be dismissed as to appellants Madison Square Press and Madison Square-Brieger Press Corporation for the reason, *first*, that it is not alleged that a contract was made with them, or either of them, and *second*, even assuming a contract between the plaintiff and them for the issuance of stock by the new or merged corporation, for services contemplated or actually performed in bringing about the merger, such a contract would be void for the reason that under the statute the new corporation could not carry out the contract by issuing to the plaintiff any part of its capital stock for services rendered in promoting it. (Stock Corp. Law, § 69; *Berger* v. *National Architects' Bronze Co.*, 173 App. Div. 680; *Herbert* v. *Duryea*, 34 id. 478; *American Macaroni Corporation* v. *Saumer*, 174 N. Y. Supp. 183, not officially reported.) As to appellant Miller, we are of opinion that there is sufficient in the complaint to spell out a contract. If he contemplated the purchase of stock of the merged corporation, or the issuance of stock to him not in violation of section 69, a contract on his part to assign to the plaintiff a part of it for services in bringing about the merger would be valid. The complaint, however, even as to this defendant, violates the rule of pleading to which we have recently called attention in *Cohen* v. *Pyramid Bond & Mortgage Corp.* (*ante*, p. 811), decided April 22, 1932, citing *Isaacs* v. *Washougal Clothing Co., Inc.* (233 App. Div. 568, 572) and *Isaacs* v.

*Salomon* (159 id. 675). Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.