ROWLAND et al. v. AUTO CAR CO. et al.

(Circuit Court, E. D. Pennsylvania, December 31, 1904. On Rehearing, January 12, 1905.)

No. 38.

1. BANKRUPTCY—ACTION BY TRUSTEES—RECEIVERS.

Where, in a suit by a bankrupt's trustees, the answer showed that there was no money in the possession of defendant association, and that on an accounting it was doubtful whether defendants' claim of set-off would not wipe out the indebtedness sued for, an application by plaintiffs for the appointment of a receiver for defendant association will be denied.

2. SAME—INJUNCTION.

Where, in a suit by trustees in bankruptcy, they alleged, as a ground for a preliminary injunction restraining defendants from collecting or receiving any of the debts due defendant association, of which defendants were members, that defendants had no funds which could be distributed, and it appeared that no injury could result to plaintiffs from permitting defendants to collect such debts, the injunction will be denied.

On Rehearing.

3. SAME—PARTNERSHIP—DISCRETION.

Where, in a suit for an accounting or the winding up of a partnership by one claiming to be a partner, his right as a partner is wholly denied, and it is not clearly established that defendant association is a partnership, the court in its discretion will not appoint a receiver or issue an injunction pendente lite; there being no proof that the fund is in danger, or that the association or its members are insolvent.

In Equity. Overruling motion for the appointment of a receiver and an injunction.

Frank A. Harrigan and John F. Gorman, for complainants.

Betts, Betts, Sheffield & Betts and John G. Johnson, for respondents.

HOLLAND, District Judge. The plaintiffs' motion is for the appointment of a receiver for the Association of Licensed Automobile Manufacturers, and for a preliminary injunction against the defendants to restrain them from collecting or receiving any of the debts due the copartnership, and from paying out any moneys now in the treasury of the said copartnership pending this suit.

Upon the argument of the case it was practically admitted that there is no necessity for the appointment of a receiver, and the answer shows there is no money in the possession of the association; and, further, that upon an accounting it is very doubtful upon which side the indebtedness will appear, as there is a claim of set-off by the association against plaintiffs.

Preliminary injunctions are only issued when it is necessary to prevent irreparable injury, and, as these defendants have no funds that can be distributed—as alleged by the plaintiffs as one reason for this order—there can be no injury resulting from such distribution, and I am unable to see how the plaintiffs can be injured by permitting the defendants to collect such debts as are now due the association; in fact, it seems that would rather be in the interest of the plaintiffs:

at any rate, there is no showing in this case to warrant the court in issuing a restraining order.

The motion for the appointment of a receiver and for a preliminary injunction is overruled.

## On Rehearing.

This is a motion for a reargument on the refusal of this court to appoint a receiver and issue a preliminary injunction. The plaintiff is a citizen of the state of New York. The Auto Car Company is a corporation located in this district and a citizen of Pennsylvania. The Electric Vehicle Company is a corporation organized under the laws of New Jersey and a citizen thereof. The other unknown defendants, we learn from the bill and affidavits filed in this case, are copartners and corporations, with their respective habitats in various cities of the Union. The main office of the Association of Licensed Automobile Manufacturers is located in New York, the same state with the plaintiff.

It is alleged in the bill that this is a copartnership, although this is denied by an affidavit filed by the president of the association, and from this and the statements in the plaintiff's bill it is evident that it was not intended that this should be a copartnership in the general acceptation of that term; and if, on final hearing, it is held to be such an association, it will only be so as a matter of legal construction. The affidavits filed by George H. Day, general manager of the Association of Licensed Automobile Manufacturers, state that the office of the Association is located at 7 East Forty-Second street, borough of Manhattan, city and state of New York, at which place all the meetings of the association have been held. He also gives the names and addresses of the officers of the association, and the addresses and names of all the corporations belonging to this association, together with the state in which they have been incorporated. It is denied that either of the defendants, the Auto Car Company or the Electric Vehicle Company, has moneys, assets, royalties, or other funds whatsoever belonging to the said association; and it is further alleged that there are no moneys, assets, royalties, or other funds whatsoever now due to the said association from the Electric Vehicle Company or from the Auto Car Company, nor were there any such due on December 13, 1904, the day the suit was filed, and neither of these companies has any control whatever over the other member, or over the other members, of the said association. It is further denied that there is anything due from the association to the plaintiff, or from any of the members of the association; but it is claimed, upon the other hand, that the plaintiff is indebted to the association.

From this state of facts, as they appear from the statements made in the plaintiffs' bill and their injunction affidavit, taken together with the affidavits of Mr. Day, the whole controversy is involved in doubt. The jurisdiction of this Circuit Court is denied; it is denied that the association is one which is regarded in law as a copartnership; and it is doubtful whether the plaintiff is a debtor or creditor of the association. The only fact that seems to be well established is that the Auto Car Company, one of the defendants within the jurisdiction of this court, has no property whatever belonging to the association in its possession,

and there is nothing to show that the association, or its members, are insolvent. The appointment of a receiver or the issuing of an injunction are matters in the sound discretion of the court. In a suit for an accounting or winding up of a partnership by one claiming to be a partner, but whose right as a partner is wholly denied, and is not clearly established by the affidavits, where it is further denied that the association is a partnership, the court will not appoint a receiver or issue an injunction; there being no proof that the fund is in danger, or the association or its members insolvent. Goulding v. Bain, 4 Sandf. (N. Y.) 716; Smith on Receivership, § 192, par. b, and cases cited, note 4.

The motion for a reargument is refused.