HANNEVIG & JOHNSEN, INC., Respondent, *v.* BERTREM W. LOUGHEED, B. W. LOUGHEED, INC., and B. W. LOUGHEED & CO., LTD., Appellants.

First Department, December 7, 1917.

**Partnership — when partnership agreement presumed to have been at will — when receiver of alleged copartnership should not be appointed.**

Where no period is stated for the continuance of an alleged copartnership or adventure it will be presumed to have been at will.

The courts should be cautious in appointing receivers of a partnership business, especially where the partnership agreement is denied and the business is not definitely defined.

In so far as money has been received or is still to be received in connection with an alleged copartnership business there is no occasion for appointing a receiver upon the application of one of the partners, because, under the practice applicable to partnership prescribed in section 1947 of the Code of Civil Procedure, a bond may be required of the alleged partners, if it appears that their financial condition is such as to require it for the protection of the applicant.

First Department, December, 1917.    [Vol. 180.

Where the existence of an alleged partnership is denied and the firm property cannot be definitely described, the issues should be tried and there should be a decision defining the scope of the partnership business and identifying its property before the appointment of a receiver.

APPEAL by the defendants, Bertrem W. Lougheed and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of September, 1917, and also from an order made upon reargument entered in said clerk's office on the 7th day of September, 1917, confirming the prior order and continuing the injunction and receivership therein provided for.

The first order appealed from granted plaintiff's motion for the appointment of a temporary receiver of the business of the copartnership or joint adventure heretofore entered into between plaintiff and the individual defendant Lougheed in the carrying out of which the defendant B. W. Lougheed, Inc., co-operated, including the insurance moneys and all moneys due or to become due upon the charter parties and agreements affecting two specified steamships, and all other charter parties, agreements and insurance covering steamships referred to in the complaint, with the usual powers and duties of a receiver and authority to continue the business, and directed the defendants and each of them and all persons having or holding any of the property or assets of which the receiver was appointed forthwith to assign, convey, transfer and deliver said property to the receiver upon his qualifying, together with all books, vouchers and papers relating thereto in their possession or subject to their control, and it further enjoined the defendants and all persons holding any of said property, until the further order of the court, from collecting or receiving or in any manner interfering with or intermeddling with, or disposing of the joint adventure, business or moneys or property, or the effects of the joint adventure referred to in the complaint, except to deliver and transfer the same to the receiver.

*Dix W. Noel* [*Oscar R. Houston* with him on the brief], for the appellants.

*Lawrence E. Brown* [*Ferdinand E. M. Bullowa* with him on the brief], for the respondent.

LAUGHLIN, J.:

The copartnership firm of Hannevig & Johnsen conducted business as shipbrokers until some time in 1916, when the plaintiff was incorporated and took over the business. The individual defendant was also a shipbroker and on May first he incorporated his business under the name of B. W. Lougheed, Inc., and in April, 1917, that corporation was dissolved and the defendant B. W. Lougheed & Co., Ltd., was incorporated and is engaged in transacting like business.

The plaintiff alleges *on information and belief* that on or about the 1st of October, 1916, it and the individual defendant entered into a copartnership or joint adventure to do business as shipbrokers for Japanese vessels; that plaintiff was to contribute one-half the expenses of a trip to be made by Lougheed to Japan and one-half of the expenses of Lougheed for cabling and one-half of the insurance premiums incurred or paid by him in the business; that it was agreed that the plaintiff and Lougheed and B. W. Lougheed, Inc., should co-operate in carrying on the business, and that plaintiff should receive one-half of the gross profits and in addition thereto a commission of one per cent on all charters closed through its office; that plaintiff performed the agreement on its part and Lougheed made the trip to Japan and returned in December, 1916; that thereafter he and the plaintiff and B. W. Lougheed, Inc., co-operated in said business and secured various charter parties and agreements for charter parties with Japanese steamships; that on the 8th of February, 1917, B. W. Lougheed, Inc., chartered a Japanese steamship from the owners and on the same day chartered her to another company for four round trips estimated to take from nine to twelve months from the time when the ship was delivered which was June 27, 1917, and received a profit equivalent to $7,504.87 for the first month and that this amount less $717.13, which plaintiff claims as commissions for having procured the charter to the company which operated the ship, belongs to the copartnership; that the ship was torpedoed and lost on the 27th of July, 1917, and that the hire and commissions upon the charter party were insured for the benefit of the copartnership, but in the name of B. W. Lougheed, Inc., in a sum in excess of

First Department, December, 1917.    [Vol. 180.

$90,000; and that Lougheed and B. W. Lougheed, Inc., have not paid plaintiff's commissions or its proportionate share of said fund so earned, and claim the right and have threatened to collect and keep the insurance and to exclude plaintiff from sharing therein. It will be observed that the alleged partnership or joint adventure with respect to that ship was terminated by the loss of the ship and that the only matters remaining unadjusted with respect thereto are the plaintiff's claim for commissions and to share in the profits so alleged to have been received by B. W. Lougheed, Inc., and in the insurance. With respect to the insurance, however, it satisfactorily appears by affidavit of Lougheed that the ship was not insured for the benefit of any of the parties at the time she was lost.

It is further alleged that on the 5th of February, 1917, B. W. Lougheed, Inc., chartered another Japanese ship from the owners and chartered the ship to another for a single round trip estimated to take two months; that B. W. Lougheed, Inc., received as profits on the transaction for the first calendar month that the ship was in use the sum of $19,727.10, and that plaintiff likewise secured the charter of that ship and was entitled to a commission of $1,030.18, [and that the balance, amounting to $18,696.92 belongs to the copartnership, and that in addition thereto B. W. Lougheed, Inc., received a commission from the owners of the steamship amounting to $3,331.68 which belongs to the copartnership. The period for which that ship was chartered expired before this motion was made and, therefore, there was no business to manage in connection therewith although the hire for the second month perhaps remained to be collected. These are the only specific allegations of the complaint with respect to the copartnership business, but the plaintiff further alleges generally that in the months of February, March and April *thereafter*, without otherwise specifying the year, evidently, however, meaning *theretofore* and in 1917, charter parties were entered into in the course of the copartnership business for the hire of other Japanese ships, similarly as for the two to which reference has been made, and that it is not informed as to the names of the other ships or the terms of the charter parties. It is then alleged that on the 23d of April, 1917,

Lougheed and B. W. Lougheed, Inc., without plaintiff's knowledge or consent assigned and transferred to the defendant B. W. Lougheed & Co., Ltd., which they caused to be incorporated, all of the agreements and all of the property belonging to the copartnership and thereafter conducted the shipbrokerage business for Japanese steamships in the name of the latter company. These allegations are positively denied by Lougheed who says that nothing was assigned to the last named company. It is further alleged that on the 1st of March, 1917, Lougheed took exclusive possession of the partnership books and papers and the charters and agreements of the copartnership and has ever since excluded plaintiff from access thereto and claims the whole amount due thereunder as the property of the defendants or some of them, and that defendants have applied to their own use from the receipts from the copartnership more than Lougheed's share thereof and are indebted to the copartnership and have refused to restore the same. It is further alleged on information and belief that the proceeds of the copartnership during the past ten months have been upwards of $200,000, and that defendants wrongfully continue to collect and appropriate the moneys of the copartnership to their own use and have refused to account therefor to plaintiff. Plaintiff finally alleges *on information and belief*, without even stating the sources of its information or the grounds of its belief, that each of the defendants is insolvent and unable to give any security for the payment to the plaintiff of the value of its interest and of the moneys to be collected under the agreements and charters entered into for the copartnership and for the insurance on said lost steamship. These allegations are likewise positively denied by the affidavit of Lougheed who states that each of the defendants is financially responsible. It does not appear whether the alleged copartnership arrangement was in writing or rested in parol. The defendants unequivocally deny that there was any copartnership or joint venture. It is conceded that there were no copartnership books although the order requires that they be turned over to the receiver. There were only debit and credit entries on the books of the respective parties concerning various transactions between them. No period is stated for the

continuance of the alleged copartnership or adventure and, therefore, it must be presumed to have been at will. The order authorizes the receiver to continue the business, but the plaintiff has failed to show any right to the continuance of the business, for it does not allege an agreement for its continuance for any specified period.

The courts should be cautious in appointing receivers with respect to copartnership business and particularly where the contract is denied and the business is not definitely defined, which is the case here. (High Receivers [4th ed.], §§ 473, 475, 477, 479, 482, 486, 491 and 501; Alderson Receivers, § 446.) In so far as money has been received or is still to be received in connection with the alleged copartnership business there was no occasion for appointing a receiver, for under the practice applicable to partnerships, prescribed in section 1947 of the Code of Civil Procedure, a bond might have been required of the defendants if it appeared that their financial condition was such as to require it for the protection of the plaintiff. (See, also, High Receivers, *supra*, § 478.) If this order were sustained it might result in many complications for the reason that the partnership business and property are not definitely defined in the affidavit or in the complaint to which the order refers. The defendants, other than the corporation which has been dissolved, are conducting business in their own right and concededly were conducting similar business not embraced in the alleged copartnership, and their business may be seriously interfered with by the order, for they will have to determine at their peril what business, if any, they are conducting or what property, if any, they have which belongs to the copartnership or joint venture, the existence of which they deny, for the order does not point out to them precisely what business or property they are required to turn over to the receiver, and manifestly it could not in the circumstances. The fundamental objection to the order appointing the receiver is that where the existence of the partnership is denied and the partnership property cannot be definitely described the issues should be tried and there should be a decision defining the scope of the partnership business and identifying the partnership property before the appointment of a receiver.

It follows, therefore, that the orders should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.