CHAPARAS v. KOUNTAKIS.

No. 4960.

Court of Appeals of District of Columbia.

Argued May 7, 1930.

Decided June 2, 1930.

F. R. Noel, of Washington, D. C., for appellant.

Soterios Nicholson and R. H. McNeill, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal, under section 226 of the Code, from an interlocutory decree in the Supreme Court of the District appointing a receiver for a delicatessen and grocery business in

the possession of the defendant (appellant here) and in which plaintiff (appellee here) claims a partnership interest.

The material allegations of plaintiff's bill, filed October 10, 1928, stated in narrative form, are as follows: On December 15, 1927, the parties entered into a verbal agreement of partnership for the conduct of a grocery and delicatessen business at 901 H Street Northwest, in the city of Washington. Each partner was to have a drawing account of $100 per month from the operation of the business. Defendant was already operating a store at 1018 Ninth Street Northwest. There is no averment that plaintiff was experienced in the conduct or management of such a business. The lease for the store at 901 H Street was taken in defendant's name, and defendant advanced all the money necessary for the launching and conduct of the enterprise. Defendant promised plaintiff that "written partnership agreements would be promptly drawn," but "finally refused to have them prepared," and has "unlawfully, and unequitably and forcefully ousted plaintiff from said business and from the premises in which the same has been conducted." That the parties can no longer amicably work as copartners nor agree as to the value of the business.

The bill prays for the dissolution of the alleged partnership, the sale of the business, fixtures, and good will, and for an accounting, and that a receiver or receivers be appointed "to manage, operate and control said business during the pendency of this suit, and until a sale thereof be made by order of this Court."

Defendant answered, specifically and in detail denying all material averments of the bill, including the allegation of the existence of a partnership. The answer alleges that plaintiff was merely employed as a clerk, and that he was discharged for inefficiency.

The cause was heard upon the bill of complaint, answer of the defendant, and affidavit filed by the defendant.

It will be observed that the averment as to the existence of a partnership rests solely upon the statement of plaintiff and is denied by defendant. There is no averment that the defendant is insolvent, that he is mismanaging the business, or that he will be unable to respond in damages in the event of a final recovery against him. High on Receivers (4th Ed.) § 476, states the rule applicable to such a situation as follows:

"It is important to observe, that, as regards the parties themselves, a court of equity will not lend its extraordinary aid by appointing a receiver unless an actual partnership inter se be shown to have existed. It is, therefore, in all cases, essential to the exercise of the jurisdiction, that there should actually be an existing partnership, either admitted by defendant or established by satisfactory proof, since otherwise the individual property of a defendant might be taken from him by a receiver, and in the end it might appear that plaintiff had no right. When, therefore, the existence of a partnership is directly in dispute, and is denied by defendant, in an action for an accounting, the court will not appoint a receiver in limine, especially when there is no allegation of defendant's insolvency, or of his inability to respond in the event of a final recovery against him."

The rule was stated in substantially the same language in the following cases: Goulding v. Bain, 6 N. Y. Super. Ct. 716; Armstrong v. Rickard, 199 App. Div. 880, 887, 192 N. Y. S. 502; Hannevig & Johnsen, Inc., v. Lougheed, 180 App. Div. 579, 584, 167 N. Y. S. 785; Kirkwood v. Smith, 64 App. Div. 615, 72 N. Y. S. 291; Rowland v. Auto Car Co. (C. C.) 133 F. 835; Wood v. Wood, 50 W. Va. 570, 579, 40 S. E. 416; Irwin v. Everson, 95 Ala. 64, 10 So. 320. See, also, 47 C. J. 1219, § 930; 23 R. C. L. 30, § 27.

In the present case, according to the averments of the bill, defendant has actually invested in the business nearly $5,000, and is experienced in its management. There is no apparent reason why he should be deprived of that management pending the outcome of this litigation. We are clearly of the view that probable cause for the appointment of a receiver has not been shown.

The decree, therefore, is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.