Hon. Norman Goodman County Clerk, New York County
This is in response to your letter of March 10, 1978, wherein you ask for an opinion as to whether a limited partnership may have an indefinite duration. Your concern apparently stems from the requirement of the Partnership Law which states that the Certificate of Limited Partnership must contain "The term for which the partnership is to exist." (Partnership Law, § 91 [1] [a] [V].)
An indispensable starting point in any discussion of limited partnerships is an understanding of the relationship between Article 8 (Limited Partnership) and the remaining articles of the Partnership Law. Except for inconsistent provisions contained in Article 8, it is clear that the entire Partnership Law is applicable to limited as well as general partnerships (Partnership Law, § 10 [2]). Notwithstanding any inconsistent provisions, the general philosophy of the entire Partnership Law pertains to limited partnerships.
The question becomes one of construction of the statute. The limited partnership is defined as "* * * a partnership formed by two or more persons under the provisions of section ninety-one, having as members one or more general partners and one or more limited partners. * * *" (Partnership Law, § 90.) Unlike the general partnership, where there is no requirement that any certificate be filed, there is an additional protection afforded those dealing with limited partnerships by requiring certain acts to be done and public notice thereof given so that all who desired might know of the arrangement (White v Eiseman, 134 N.Y. 101). Thus, in order to form a limited partnership, section 91 of the Partnership Law requires that the Certificate of Limited Partnership be filed with the county clerk, published in two newspapers and contain, along with 13 other items, the term of the limited partnership.
There can be no question that a general partnership may have an indefinite duration. In the absence of showing any intention as to its duration, a partnership will be deemed one at will (Hardin v Robinson,178 App. Div. 724 [1st Dept]; Hannevig Johnsen v Lougheed,180 App. Div. 579 [1st Dept]). We are unable to find any reason why a limited partnership could not also be terminable at will. The reference to the word "term" in section 91 of the Partnership Law was apparently only to inform others if there was a time limitation, not a mandate requiring a fixed duration. There does not seem to be anything in the statute in question or its apparent purposes to warrant the conclusion that the intention of its makers was to limit the duration of a limited partnership. In fact, there are provisions in other sections of Article 8 which take into account the possibility that there was no specific duration included in the Certificate of Limited Partnership. Partnership Law, § 105, subdivision c, provides that after six months' notice, a limited partner may demand the return of his contribution "* * * if no time is specified in the certificate either for the return of the contribution or for the dissolution of the partnership." There is a further provision for the amendment of the certificate when there is a time fixed for the dissolution of the partnership, or the return of a contribution, "* * * no time having been specified in the certificate * * *" (Partnership Law, § 113 [2] [i].)
One of the general rules of the interpretation of statutes is, that if possible, all parts of the enactment shall be harmonized with each other as well as with the general intent of the whole enactment (see, McKinney's Statutes, § 98). The most reasonable and consistent interpretation of the Partnership Law would reject the view that a limited partnership must have a definite term.
Accordingly, we conclude that the requirement for the statement of a term in the Certificate of Limited Partnership is not a limiting phrase and a limited partnership may have an indefinite term.