ISAACS v. SALOMON et al.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

1. PLEADING (§ 22*)—IRRELEVANT ALLEGATIONS—EQUITY.

The rule that greater latitude of pleading is permissible in equity than in an action at law does not permit obviously irrelevant matters to remain in a pleading, although matters may be inserted which appeal to the conscience of the court, if germane to the issues and not raising an alien issue or confusing the real issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 45; Dec. Dig. § 22.*]

2. PLEADING (§ 364*)—"IRRELEVANT ALLEGATIONS"—STRIKING OUT.

Under Code Civ. Proc. § 545, making it the duty of the court to strike out irrelevant matter, to the end that the issues to be tried shall be sharply

---

*For other cases see same topic & § NUMBER in Dec. & Am..Digs. 1907 to date, & Rep'r Indexes

and clearly defined, "irrelevant allegations" are those without substantial relation to the controversy and which cannot affect the result; the test of any allegation being whether it tends to constitute a cause of action or a defense. Statements of the legal conclusion of the pleader are redundant and should be stricken out, as should also statements of mere matters of evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*

For other definitions, see Words and Phrases, vol. 4, pp. 3771, 3772.]

3. PLEADING (§ 364*)—IRRELEVANT ALLEGATIONS—STRIKING OUT.

In an action in equity to rescind a sale of stock by defendants on the ground that plaintiff was induced to buy through defendants' knowingly false representations, allegations as to the original capitalization of the corporation whose stock defendants sold in 1887 and as to its issue of preferred stock in 1909, and as to the fact that the stock or part of it was listed on the stock exchange, and that a few months after sale the company issued convertible notes, and as to matters long subsequent to the sale and after plaintiff's right to rescind had accrued, were irrelevant and should be stricken out; but allegations bearing upon the question of defendants' scienter and good faith in making the representations, though remote, would not be stricken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Appeal from Special Term, New York County:

Action by Moe A. Isaacs against William Salomon and others, doing business as William Salomon & Company. From an order denying a motion to strike from the complaint certain allegations as irrelevant and redundant, and to make certain other allegations more definite and certain, defendants appeal. Reversed, and motion granted in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Marvin W. Wynne, of New York City, for appellants.
Lewis M. Scheuer, of New York City, for respondent.

SCOTT, J. Although this is an action in equity, it is of the simplest character. Plaintiff seeks to rescind a sale of stock by defendants, upon the ground that he was induced to buy through false representations made by defendants, with knowledge of their falsity, and upon which he relied. The sale is said to have taken place on October 30, 1912. In addition to the usual and material allegations to be found in a complaint for such a cause of action, the plaintiff has inserted a large number of allegations having no apparent relevancy to the cause of action, and no visible materiality upon any of the issues tendered by the complaint.

[1, 2] The only answer made to the motion to strike out these irrelevant allegations is that, because the action is in equity, greater latitude of pleading is permissible than would be allowed in an action at law. But this general rule is not to be extended so far as to permit

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

obviously irrelevant matters to remain in a pleading. It is made the plain duty of the court, by section 545 of the Code of Civil Procedure, to strike such matter out, to the end that the issues to be tried shall be sharply and clearly defined before the cause comes to a trial. As was said by this court in Kolb v. Mortimer, 135 App. Div. 542, 120 N. Y. Supp. 543:

"Irrelevant allegations are those which have no substantial relation to the controversy between the parties and which cannot affect the result, and the test of any allegation is to inquire whether it tends to constitute a cause of action or a defense. * * * Statements of the legal conclusion of the pleader are redundant and should be stricken out, as should also statements of mere matters of evidence. Somewhat more latitude is, of necessity, given in equity suits than in actions at law; but even in equity the rules of pleading should be measurably enforced. Matters may be inserted which appeal to the equitable conscience of the court, subject, however, to the limitation that the matter so pleaded must be germane to the issues, or have some relation to them, and must not raise an alien issue or confuse the real issue." Park & Sons v. Natl. Druggists Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 475; Dunton v. Hagerman, 18 App. Div. 146, 46 N. Y. Supp. 758; Bradley v. Sweeny, No. 1, 120 App. Div. 315, 105 N. Y. Supp. 296; Hamilton v. Hamilton, 124 App. Div. 619, 109 N. Y. Supp. 221; Chittenden v. San Domingo Imp. Co., 125 App. Div. 855, 110 N. Y. Supp. 148.

It is also well settled that the vice of irrelevancy is much more serious in a complaint than in an answer.

[3] Applying these rules to the case at bar, it is evident that the complaint contains much matter which should be stricken out, keeping in mind the fact that the sale complained of took place in October, 1912, and consequently the fraud, if any there was, must have been committed at or before that time. In fact, the representations which are alleged to have been false are charged as having been made "in or immediately prior to the month of October, 1912." We are unable to see how the allegation in the third paragraph of the complaint as to the original capitalization of the M. Rumley Company in 1887, or the issue of preferred stock in 1909, has any relevancy. Nor how it is relevant to allege that the stock of the company or a part of it was listed on the New York Stock Exchange, or that in February, 1913, some months after the sale complained of, the company issued convertible notes. So much of the third paragraph of the complaint as is affected by the motion should therefore be stricken out. The allegations sought to be stricken out of the fourth and sixth paragraphs, although remote, may be relevant upon the question of defendants' scienter and good faith in making the representations complained of. They will not therefore be stricken out. The allegations sought to be stricken out of the ninth, tenth, and eleventh paragraphs refer exclusively to matters which took place long after the sale had been made to plaintiff, and his right to rescind, if he ever had such a right, accrued. They are clearly irrelevant to the cause of action to rescind the sale of the stock and must be stricken out.

So far as concerns the motion to make specified paragraphs more definite and certain, the relief sought can be more appropriately obtained by a motion for a bill of particulars.

The order appealed from will therefore be reversed, and the motion granted to the extent above indicated, without costs to either party. Settle order on notice. All concur.

