THEODORE H. WICKWIRE, JR., Respondent, *v.* GEORGE C. WARNER, Appellant.

Fourth Department, May 12, 1920.

**Equity — suit to restrain use of subscription to stock and of promissory note and to cancel same — adequate remedy at law.**

The plaintiff started a suit in equity to restrain the use by the defendant of the plaintiff's subscription for stock in a corporation, and of the plaintiff's negotiable promissory note, not then due, and to cancel and annul the subscription and note, which subscription the defendant individually obtained from the plaintiff and which note was made payable to the order of the defendant and was given to him for a loan which he was to make to the plaintiff to pay in part for the stock when the same was issued, upon the ground, among others, that the stock was never issued or tendered to the plaintiff, that the plaintiff never received any consideration for the note, and that the defendant had diverted the note from the purpose for which it was given and appropriated it to his own use. The defense to the suit was that the plaintiff had an adequate remedy at law.

*Held,* on all the evidence, that the plaintiff did not have an adequate remedy at law, and that the relief granted the plaintiff to the effect that the note in question was void as between the plaintiff and the defendant and in case it thereafter came into the possession and ownership of the defendant it should be canceled and surrendered up to the plaintiff and also that if the plaintiff should pay the note or any part thereof, application might be made by him upon the foot of the judgment for a money judgment against the defendant for the amount which the plaintiff should have thus paid, was proper.

It is well settled that a court of equity has jurisdiction to protect the maker of a promissory note before its maturity from the risk of its passing into the hands of a *bona fide* purchaser in case it has been diverted by the payee from the purpose for which it was given and converted by him to his own use.

APPEAL by the defendant, George C. Warner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 10th day of April, 1919, upon the decision of the court rendered after a trial at the Erie Special Term directing the cancellation of a certain promissory note and other relief.

*John W. Ryan* and *William L. Marcy* [*Moot, Sprague, Brownell & Marcy,* attorneys], for the appellant.

*Joseph G. Dudley* [*Dudley, Stowe & Sawyer,* attorneys], for the respondent.

DE ANGELIS, J.:

This is an action in equity brought to restrain the use by the defendant of the plaintiff's subscription for 200 shares of $100 each of a proposed increase of the preferred capital stock of the Fulton Steel Corporation, a domestic corporation, whose principal office and place of business were in the city of Fulton, in the county of Oswego and State of New York, and the use by the defendant of the plaintiff's negotiable promissory note, not then due, and to cancel and annul the subscription and note, which subscription the defendant individually obtained from the plaintiff and which note was made payable to the order of the defendant and was given to him for a loan which the defendant was to make to the plaintiff to pay in part for the stock when the same was issued, upon the ground, among others, that the stock was never issued or tendered to the plaintiff, the plaintiff never received any consideration for the note and the defendant had diverted the note from the purpose for which it was given and appropriated it to his own use.

The defendant interposed the defense that the transaction between the parties was the purchase by the plaintiff of stock in the corporation which stock was then owned and held by the defendant, that the note was delivered to the defendant and accepted by him as part payment for the stock, the stock to be retained by the defendant as collateral security for the payment of the note, and denies that he diverted the note from the purpose for which it was given. There is no allegation in the complaint or in the answer that the note had passed out of the defendant's possession, but in the answer, in the form of an admission, not responsive to any allegation of the complaint, is the statement " that the holder thereof [the note] claims to be a *bona fide* purchaser and holder thereof." For aught that appears in the pleadings this alleged " *bona fide* purchaser and holder " is the defendant.

Upon a motion made by the counsel for the defendant, in connection with the opening of the plaintiff's case, for a dismissal of the complaint, the defendant, with the permission of the court and the assent of the counsel for the plaintiff, amended his answer by setting up that the plaintiff had an adequate remedy at law.

The principal question which we are called upon to determine is, whether or not the plaintiff had an adequate remedy at law.

The learned Equity Term has found, upon sufficient evidence, in favor of the plaintiff, to the effect that on and prior to the 22d day of November, 1917, the Fulton Steel Corporation was a domestic corporation, having been incorporated in September, 1917, for the purpose of manufacturing high speed steel, with its principal office and place of business in the city of Fulton, in the county of Oswego and State of New York, and with a capital consisting of 1,000 shares of preferred stock of the par value of $100 each and 4,000 shares of common stock of no par value issued at $5 per share, all of which stock was issued in September, 1917, as fully paid; that on or about the 22d day of November, 1917, in order to induce the plaintiff to become interested in the corporation the defendant represented to him that the corporation was building a steel plant at Fulton, N. Y.; that there had been paid into the corporation in cash for the stock $120,000; that the corporation needed additional capital; that he, the defendant, planned to increase the capital stock from $120,000 to $600,000, and that an increase to that extent was necessary to complete its plant and make the operation thereof commercially profitable; that Pittsburgh investors had promised to take $400,000 of the increased capital stock but were desirous that some practical steel man nearer Fulton than they should become interested in the corporation in an advisory capacity; that the plaintiff was just the man to fill that requirement; that the defendant owned or controlled all the capital stock and could and would immediately increase the capital stock to $600,000; that if the plaintiff would subscribe for 200 shares of the proposed increase of the capital stock, he, the defendant, would loan to the plaintiff $10,000 which could be applied in the payment of the stock and would take his promissory note for that sum payable one year from date with interest at five per centum per annum; that in view of the fact that the defendant owned or controlled all the outstanding stock, he could and would immediately increase the capital stock as stated; that relying upon such representations and believing the same to be true, the plaintiff

on the 22d day of November, 1917, subscribed for 200 shares of the proposed increase of the preferred capital stock with an option for an allotment of the common stock at $5 per share and thereupon executed and delivered to the defendant his negotiable promissory note dated November 22, 1917, drawn to the order of the defendant for the payment of $10,000 one year from date with interest at five per centum per annum at the Manufacturers and Traders National Bank of the city of Buffalo, N. Y.; that the note was upon the form used where collateral is to accompany the same and required that there should accompany it as collateral security for its payment 200 shares of the preferred stock of the Fulton Steel Corporation; that the stock for which the plaintiff subscribed was never issued nor tendered to him; that the corporation is insolvent, in the hands of receivers, and that the plaintiff's subscription for the increased capital stock has lapsed; that the plaintiff's note was diverted by the defendant from the purpose for which it was given and was appropriated to the defendant's own use; that the note was discounted by the defendant at the Syracuse Trust Company of Syracuse, N. Y., on the 18th day of December, 1917, more than ten months before it became due, without the above-referred-to stock or any stock of the Fulton Steel Corporation accompanying the same; that the defendant applied $7,500 of the proceeds of the discount in paying an obligation of the Fulton Steel Corporation and lent the other $2,500 to it direct and that for these payments the defendant received a credit of $10,000 on the books of the Fulton Steel Corporation upon an account entitled " G. C. Warner Loan Account; " that some time after the discount, at the request of the Syracuse Trust Company, the defendant placed with it 100 shares of the preferred capital stock of the Fulton Steel Corporation and later another 100 shares of such capital stock.

Judgment was directed in favor of the plaintiff, with costs, against the defendant to the effect that the note in question was void and without consideration as between the plaintiff and defendant and in case it thereafter should come into the ownership and possession of the defendant, it should be canceled and surrendered up to the plaintiff and also that if the plaintiff should pay the note or any part thereof applica-

tion might be made by him upon the foot of such judgment for a money judgment against the defendant for the amount which the plaintiff should have thus paid.

Judgment was entered upon the decision which is the judgment under review.

It is well settled that a court of equity has jurisdiction to protect the maker of a promissory note before its maturity from the risk of its passing into the hands of a *bona fide* purchaser in case it has been diverted by the payee from the purpose for which it was given and converted by him to his own use. (Pom. Eq. Juris. [4th ed.] § 221.)

The counsel for the appellant argues that the plaintiff had an adequate remedy at law. Doubtless the plaintiff had a remedy at law, but the difficulty with the contention of the counsel for the appellant is that, in the circumstances, that remedy might not be adequate. It is well settled that the remedy at law, must be *adequate* in order to deprive a party of relief in a court of equity. (Pom. Eq. Juris. [4th ed.] §§ 1363, 2107.) If the plaintiff had sued at law, he would have elected to take his relief in damages only. That relief might not be adequate because the defendant might be execution proof. It is possible that the plaintiff may never be sued on the note and it is possible that if sued, he might successfully defend the action. In either case, he would avoid the risk of the action at law. In our opinion the plaintiff was justified in seeking relief in equity and the relief which he has been afforded should not be disturbed.

The claim of the appellant that this action was tried upon a theory not justified by the pleadings is without merit. The conversion of the note by the defendant is plainly alleged in the complaint.

It follows from the foregoing that the judgment appealed from should be affirmed.

**All concur.**

Judgment affirmed, with costs.