OSCAR SHANK TEXTILE CORPORATION, Plaintiff, *v.* " LOUIS " HEMMERDINGER, First Name Being Fictitious and Unknown to Plaintiff, and JACQUES WEIL, Individually and as Copartners, Trading under the Name and Style of HEMMERDINGER & JACQUES WEIL, and IRVING NATIONAL BANK of the City of New York, Defendants.

Supreme Court, New York County, September, 1922.

**Pleading — irrelevant allegations stricken out of amended complaint — sales.**

Where irrelevant allegations of a complaint prevent a sharp and clear definition of the issues it is the duty of the court to strike them out before the cause comes to trial.

An amended complaint set forth the breach of a contract for purchase at an agreed price, payment to be made by drafts on letters of credit and the breach of such contract by the drawing of drafts based on a higher price. Upon information and belief it was alleged that defendants have no property in the state of New York or in this country from or upon which a judgment could be satisfied. It also appeared from the said complaint that defendants were residents of France doing business in Paris, but there was no allegation of their insolvency or suggestion of irresponsibility. *Held,* that allegations as to the representations made in fixing the agreed price were immaterial and a motion under rule 103 of the Rules of Civil Practice will be granted.

MOTION to strike out parts of amended complaint.

*Samuel Conrad Cohen,* for plaintiff.

*Hirsch, Sherman & Limburg* (*Herbert R. Limburg,* of counsel), for defendants Hemmerdinger and Weil.

MARSH, J.   This is a motion to strike out certain allegations in the amended complaint under rule 103 of the Rules of Civil Prac-

tice. The allegations objected to in the 4th paragraph are clearly irrelevant. The complaint sets forth a contract for purchase at an agreed price, payment to be made by drafts on letters of credit, and the breach of such contract by the drawing of drafts based on a higher price. Whether the cause of action be in equity or at law, the representations made in fixing the price agreed upon are immaterial. The 11th paragraph sets forth upon information and belief that the defendants have no property in the state of New York or in this country from or upon which a judgment could be satisfied. Elsewhere in the complaint it appears that the defendants are residents of France, doing business in Paris, and there is no allegation of their insolvency or suggestion of irresponsibility. It is, therefore, of no moment that the plaintiff may eventually be required to go to France in order to realize upon a judgment. *Murray* v. *Toland,* 3 Johns. Ch. 569. The plaintiff contends, however, that motions addressed to the pleadings are not favored by the courts and must be denied unless injury is shown. *Dinkelspiel* v. *N. Y. Evening Journal Co.,* 91 App. Div. 96. In the present case I think it clear that the defendants are prejudiced by this form of pleading. The representations and inducements for fixing the price tend to confuse the real issue and should be striken out even in a suit in equity. *Bradley* v. *Sweeny,* 120 App. Div. 315. Obviously irrelevant matters prevent a sharp and clear definition of the issues before the cause comes to trial, and it is the plain duty of the court to strike them out. *Isaacs* v. *Salomon,* 159 App. Div. 675. In view of the new and simplified procedure for obtaining examinations before trial and the liberality prevailing in regard to such examinations, it may well be a benefit to the speedy and intelligent administration of justice to insist more strongly than heretofore upon a clear definition of the issues to be tried. Where testimony will probably be taken in a foreign country, as in this case, it seems to be especially desirable to eliminate in advance all matters that are obviously irrelevant and immaterial. The case of *Wickwire* v. *Warner,* 191 App. Div. 835, relates to the sufficiency of the other allegations of the complaint rather than to the relevancy of those now objected to. Motion granted, with ten dollars costs. An amended complaint, omitting the allegations hereby stricken out, is to be served on defendants' attorneys within five days after notice of entry of this order.

Ordered accordingly.