JOHN C. WINTER, Doing Business under the Firm Name and Style of J. C. WINTER & Co., Plaintiff, *v.* MAPLE CITY MANU-FACTURING COMPANY and Another, Defendants.

Supreme Court, Steuben County, July 31, 1928.

**Pleadings — complaint — joinder of causes of action — actions for goods sold and delivered and on guaranty of payment may be joined but must be separately stated.**

The complaint in this action properly joined an action against the purchaser of goods to recover the purchase price, and also an action against the individual defendant on a guaranty of payment, which was executed as a part of the transaction of purchase, but the causes of action must be separately stated and numbered.

MOTIONS by defendants to require plaintiff to serve an amended answer and to dismiss.

*Harold F. Lieb*, for the plaintiff.

*Harry L. Allen*, for the defendants.

THOMPSON, J. The complaint contains two causes of action—one against the defendant Maple City Manufacturing Company for goods sold and delivered, and the other against the defendant Robert R. Kohnke on a guaranty of payment. They are properly joined in the same complaint, but they should be separately stated and numbered. (Civ. Prac. Act, §§ 193, 194, 211, 212, 216, 258, subd. 9; Rules of Civil Practice, rule 90; *Ader* v. *Blau*, 241 N. Y. 7; *Zenith Bathing Pavilion, Inc.*, v. *Fair Oaks Steamship Corporation*, 240 id. 307.)

In the case of *Stein* v. *Whitman* (156 App. Div. 861) the plaintiff joined with the defendant maker of a bond a codefendant who *assigned* the bond to the plaintiff and guaranteed its payment *as a part of the assignment*. The court held that this was proper in the circumstances. Mr. Justice LAUGHLIN, however, dissented upon the ground that the causes of action could not be joined because the liability of the surety was not created by the same contract or instrument that established the principal debt, nor by his becoming in effect a party thereto and liable thereon subsequently.

Upon appeal the Court of Appeals reversed the judgment of the Appellate Division on the dissenting opinion of Mr. Justice LAUGHLIN, with leave to plaintiff to sever the action on payment of costs. The question certified as follows: " Have causes of action been improperly united in the complaint," being answered in the affirmative. (209 N. Y. 576.)

Later in *Hudson Trading Co.* v. *Durand* (194 App. Div. 248), Mr. Justice LAUGHLIN writing, it was held that in an action for breach of a contract of sale it was proper to join the purchaser and one who guaranteed the contract although the guaranty and agreement may have been by a separate instrument.

Doubtless that case arose before the advent of the new practice act, which took effect October 1, 1921. It appears that the order it reviewed was granted July 1, 1920.

The distinction pointed out by these cases is plain, to wit, where the guaranty was made as a part of an assignment of the principal debt by the creditor to a third party, the courts hold it to be a separate transaction, and not joinable with an action on the debt. On the other hand, where the guaranty is made as a part or in extension of the contract making the debt, the courts construe it to be a part of the same transaction, and properly joined with an action on the principal debt.

It seems that the causes of action here are properly brought together both by authority of the Civil Practice Act and the Rules of Civil Practice and the decisions discussed.

The motion to dismiss is denied; the motion requiring plaintiff to serve an amended complaint to conform to the requirements rule 90 of the Rules of Civil Practice is granted. (Rules of Civ. Prac., rule 102.)

No costs.