GEORGE D. NEWTON, as Committee of the Person and Estate of MICHAEL P. BUCKLEY, an Incompetent Person, Respondent, *v.* LIVINGSTON COUNTY TRUST COMPANY, Appellant, Impleaded with GEORGE W. SCOTT and Others, Defendants.

Fourth Department, January 7, 1931.

356

*P. D. Oviatt*, for the appellant.

*Lewis Clinton*, for the respondent.

EDGCOMB, J.   The order from which this appeal has been taken denies a motion of the defendant Livingston County Trust Company to compel the plaintiff to separately state and number his causes of action, and to strike from the complaint certain matter said to be irrelevant, unnecessary and scandalous.

The allegations of the complaint, which are set forth in one count, may be briefly summarized as follows:

On April 29, 1920, the defendant George W. Scott was appointed committee of the person and property of Michael P. Buckley an incompetent person.   The requisite bond, conditioned for the faithful performance by said committee of the duties of his trust,

was executed by the defendant American Surety Company. Scott deposited in the Livingston County Trust Company to his credit as committee, $11,553.57 of his ward's money, under an agreement that said funds should not be withdrawn except on checks signed by said committee and countersigned by Charles D. Newton. Scott misappropriated, embezzled and converted to his own use $5,894.96 of said incompetent's money; $5,055.50 of the sum so appropriated was wrongfully withdrawn from the funds of said incompetent on deposit in said Livingston County Trust Company on different occasions between July 12, 1920, and July 15, 1922, by means of ten separate checks, drawn by Scott to his own order, or to his order as committee, the signature of Mr. Newton being forged by Scott. The trust company honored and paid said checks out of the funds of said incompetent, although it knew, or in the exercise of reasonable care should have known, that the purported signature of said Newton was not in fact his signature, and although it knew that Scott had no authority to draw on said funds for his own purpose, and although it was aware that Scott was misappropriating and converting the funds of said incompetent. Scott deposited four of the above-mentioned checks, aggregating $1,800, in his own personal account in the Merchants and Farmers National Bank, and three, aggregating $3,200, in his personal account in the Citizens Bank, and then drew, for his own use, upon his accounts in said banks. At the time said checks were deposited in Scott's personal account, said banks had full knowledge that the funds upon which said checks were drawn belonged to said incompetent, and that they were under the custody and control of the court, and that Scott was without authority to use the same for his own purpose, and that said banks, by accepting said checks and crediting the amount thereof to Scott's personal account, and by permitting him to withdraw the funds therefrom for his own use, aided and abetted Scott in converting and misappropriating the funds of his ward, and became a party to said wrong.

Judgment is asked against the defendant Scott for $5,894.96, the total amount of his defalcation, and against the defendant Livingston County Trust Company for $5,000, which it paid out of the funds of said incompetent on checks with the forged signature of Mr. Newton, and against the defendant Merchants and Farmers National Bank for $1,800, the amount of the proceeds of four checks drawn on the trust funds in the Livingston County Trust Company, and deposited in Scott's personal account in said Merchants and Farmers Bank, and against the Citizens Bank of Dansville for $3,200, the amount of the proceeds of three checks

drawn on the trust funds in the Livingston County Trust Company, and deposited in the Citizens Bank in Scott's personal account, and against the defendant American Surety Company for $2,000, the amount of its liability on its bond.

We do not think it can be said, as urged by the respondent, that the same facts and the same principles are involved in the various claims against the several defendants, and that the complaint states but a single cause of action against all of the defendants. If we are correct in our conclusion, plaintiff has failed to comply with the requirements of rule 90 of the Rules of Civil Practice.

The cause of action against the defendant Scott is based solely upon his alleged wrongful conversion and illegal appropriation of $5,894.96 of the trust funds in his hands belonging to his ward. A trustee, who dishonestly diverts to his own use moneys of his *cestui que trust*, is liable for the amount which he has wrongfully taken and misapplied.

Plaintiff's right to recover against the American Surety Company rests not on any wrong which that company has done, but solely on its contract. The company did not convert any part of this money. It is not liable for any tort. Its obligation rests entirely upon its contract to make good any loss occasioned by Scott's default. That is an entirely different cause of action from those which the plaintiff claims to have against the other defendants, and should be set up in a separate count. (*Christenson* v. *Pincus*, 117 App. Div. 810; *Reed* v. *Livermore*, 101 id. 254; *White* v. *Improved Property Holding Co.*, 140 id. 529; *Winter* v. *Maple City Mfg. Co.*, 132 Misc. 631.)

Plaintiff seeks to hold the Merchants and Farmers National Bank and the Citizens Bank of Dansville for a part of the money which Scott misappropriated, the former bank for $1,800, and the latter for $3,200, upon the theory that they were privy to and participated in Scott's embezzlement to the extent of the checks which were drawn on said trust funds and deposited in his personal account in said banks.

The mere act of depositing these checks in Scott's individual name did not constitute a conversion of said funds, or make the banks liable. (*Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394, 403; *Sagone* v. *Mackey*, 225 id. 594, 599; *Bischoff* v. *Yorkville Bank*, 218 id. 106, 111.) If, however, the institutions profited by the shifting of said funds, or if they participated in the conversion thereof, although not personally interested therein, with actual notice or knowledge that Scott was misappropriating said money, or that he intended so to do, they became a party to the tort.

(*Bischoff* v. *Yorkville Bank, supra; Whiting* v. *Hudson Trust Co., supra.*)

Neither the Citizens nor the Merchants and Farmers Bank had any part in the conversion of all of this $5,894.96. The former bank was only connected with the misappropriation of $3,200, and the latter of $1,800. Neither had the slightest connection with any misconduct of the other. While it may be said that Scott and the Citizens Bank were joint offenders or joint tort feasors as to $3,200, and that, as to that amount, a single cause of action is alleged against both, and while the same might be said of Scott and the Merchants and Farmers Bank as to $1,800, that is not true as to all the money which it is claimed Scott misappropriated. It is apparent, therefore, that, as to a part of the money which plaintiff seeks to recover in this suit, separate causes of action are stated against Scott and each of the two Dansville banks.

In *Whitney* v. *Wenman* (96 App. Div. 290) the complaint set forth three causes of action for conversion, only one of which affected all of the defendants. Plaintiff was ordered to separately state and number his causes of action.

In *Cohn* v. *Jarecky* (90 Hun, 266) plaintiff based his right to recover against a physician and two druggists upon the theory that they negligently prescribed, compounded and furnished a prescription containing a deadly poison, which caused the death of plaintiff's intestate. The complaint did not specifically allege that the druggists had anything to do with the formulation of the prescription, or that the physician was directly concerned with its preparation. Held, that the causes of action against the defendants were not identical, and that they should be separately stated and numbered.

In *Sherlock* v. *Manwaren* (208 App. Div. 538) this court, through Mr. Justice Crouch, held that separate causes of action were stated in a complaint against three physicians to recover damages for malpractice, where the action was based on the negligent setting of plaintiff's shoulder by one, and the careless resetting on three different occasions by the other two.

In *Brown* v. *Thompson-Starrett Co.* (139 App. Div. 632) plaintiff sought to recover against three defendants for personal injuries. The complaint alleged that the plaintiff, while in the employ of the defendants, " or some of them," and while performing such duties as were directed by the defendants, " or some of them," was injured by being struck by a piece of iron. It was held that the pleading stated three distinct causes of action, and that the plaintiff should be required to separately state and number them.

In *Crosby* v. *Cowen & Co.* (141 App. Div. 369) the complaint contained no allegation of concurring acts of negligence on the part of the two defendants. Held, that there were two causes of action, which should be separately stated and numbered.

If any cause of action is alleged against the Livingston County Trust Company, it is, in our opinion, based either upon the alleged negligence of the bank in permitting the funds of the incompetent to be withdrawn on improper checks, or for a breach of its contract relating to the withdrawal of said funds. While there is an allegation that the trust company aided and abetted Scott in converting money of his ward, that is a mere conclusion of law. The facts, as alleged, do not, in our opinion, warrant a conclusion that the trust company was privy to Scott's embezzlement.

. The trust company cannot be said to have been a party to the diversion of the incompetent's funds simply because the money was withdrawn by means of checks made payable to the order of Scott, or to his order as committee. The bank had the right, in the first instance, to assume that Scott was honest, and that he would use the proceeds of these checks for the legitimate purposes of his trust, and until it had adequate knowledge or notice to the contrary, no duty devolved upon the bank to inquire for what purpose this money was to be used. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106, 112; *Moch Co.* v. *Security Bank, Nos. 1 & 2*, 176 App. Div. 842, 848; affd., 225 N. Y. 723; *Town of Eastchester* v. *Mount Vernon Trust Co.*, 173 App. Div. 482, 485.)

It would, therefore, appear that the alleged cause of action against the trust company, whether for negligence or breach of contract, is separate, distinct, and different from any cause of action which the plaintiff has against the other defendants, and should be separately stated and numbered.

Appellant urges that the misappropriation of the proceeds of the ten checks mentioned in the complaint constituted so many separate causes of action, each of which should have been separately stated and numbered. Such a requirement would make a long and prolix complaint, and tend to complicate rather than to simplify the pleading. While from a purely technical standpoint it might be urged that the withdrawal of the incompetent's money on each check constituted a separate transaction, and gave rise to a separate cause of action, we are of the opinion that no such multiplication of counts in the complaint is necessary, or that it would serve any legitimate, useful or practical purpose. We think that we may properly treat these ten transactions as a part of the general conduct of these defendants, which resulted in the misappropriation of the incompetent's money. (*People* v. *Tweed,*

63 N. Y. 194; *Mutual Life Ins. Co.* v. *McCurdy, No. 1,* 118 App. Div. 815; *Gaffney* v. *Colvill,* 6 Hill, 567.)

We are not called upon at this time to pass upon the question of whether these various causes of action can properly be united in the same complaint, or whether the facts alleged constitute a cause of action against the various defendants.

This brings us to the second part of appellant's motion. Rule 103 of the Rules of Civil Practice permits the court to strike out any matter contained in a pleading which is irrelevant, unnecessary, impertinent or scandalous, or which tends to prejudice, embarrass or delay a fair trial of the action. The court is given very broad powers.

In the 14th paragraph of the complaint plaintiff alleges that Scott had been appointed committee of numerous other incompetents, formerly in the military or naval service of the United States; in the two succeeding paragraphs it is alleged that Scott made special arrangements with the Livingston County Trust Company whereby the funds of all such incompetents were to be deposited with the trust company, and that certain special forms of checks were printed for Scott's use, and that said bank knew that the funds which Scott deposited with it were the property of such incompetents. In the 41st paragraph plaintiff alleges that Scott had been indicted and convicted of larceny and embezzlement of moneys belonging to said Buckley, and that he is now serving a term in Auburn State Prison for such crime. It is these allegations which appellant seeks to eliminate from the complaint. We think that it was entitled to the relief sought.

Irrelevant allegations are those which have no substantial relation to the controversy in suit. We are only concerned on the trial of this action with the recovery of the $5,894.96, belonging to Buckley, and not money belonging to some other incompetent.

One of the tests by which the relevancy of an allegation in a pleading may be determined is whether proof of such allegation would be admissible on the trial. If not, it is irrelevant, and should be stricken out. (*Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121; *Bulova* v. *Barnett, Inc.,* 193 App. Div. 161, 164; *Howard* v. *Breitung,* 172 id. 749, 753; *Isaacs* v. *Salomon,* 159 id. 675; *Kolb* v. *Mortimer,* 135 id. 542.)

Plaintiff would not be permitted to prove Scott's indictment or conviction. The allegation serves no legitimate purpose in the pleading. Evidence of what Scott had done in the case of other incompetents would not be competent upon any theory, unless it tended in some manner to show knowledge on the part of various banks that Scott was misappropriating Buckley's moneys.

Even if it was admissible for that purpose, the allegations in relation thereto have no place in the complaint. Section 241 of the Civil Practice Act provides that a pleading shall contain a plain and concise statement of the material facts on which the party pleading relies, but not the evidence by which such facts are to be proven. Matter pertinent as proof, but unnecessary to a statement of the cause of action, has no place in a pleading. (*Powers* v. *Ridder*, 142 App. Div. 457; *Hamilton* v. *Hamilton*, 124 id. 619; *Schroeder* v. *Post*, 3 id. 411.)

As long as these allegations remain in the complaint, they must be answered. Under such circumstances, appellant is aggrieved, and may move for relief. (*Murphy* v. *National City Bank*, 203 App. Div. 571, 574; *Cleminshaw* v. *Coon*, 136 id. 160; *Hamilton* v. *Hamilton*, 124 id. 619.)

Pleadings are always before the court without being formally offered in evidence. They may be referred to by counsel during the trial and their contents may easily be brought to the attention of the jury. If that is done in the instant case, defendants would inevitably be prejudiced. Most of these obnoxious allegations are set up in separate paragraphs; they were not alleged inadvertently, nor inconspicuously, but with the apparent hope that plaintiff might obtain some undue benefit or advantage therefrom. I think that they have no place in the complaint, and that they are highly prejudicial to the defendants.

This motion is made by the Livingston County Trust Company alone. The other defendants, except Scott, who is in default, have answered, but have failed to join in this motion. Plaintiff claims that, under these circumstances, the court is powerless to grant the movant the relief which it seeks. Appellant's time within which to answer, or to make any motion addressed to the pleadings, has been extended by stipulation. A motion to compel a plaintiff to separately state and number his causes of action may be made at any time before the answer is served, and need not be made within twenty days after the service of the complaint. (*Brown-Duffy Goatskin Corp.* v. *Henkel*, 211 App. Div. 342.) As no answer has yet been served by appellant, this motion as to it is made in time.

There is nothing in the rules, or in the Civil Practice Act, which deprives the court of power to grant relief on a motion of this character to one defendant, where the others fail to join in the motion. The provisions relative to the requirements of pleadings apply to all cases, no matter how many defendants there may be, and one defendant cannot be deprived of a remedy to which he is entitled, because the others neglect or refuse to act.

I think that the order appealed from should be reversed, and that the allegations sought to be eliminated from the complaint should be stricken out, and that the plaintiff should be required to separately state and number his causes of action.

. All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted so far as indicated in the opinion, with ten dollars costs.