ABRAHAM S. ISAACS and Another, Respondents, *v.* WASHOUGAL CLOTHING Co., INC., and Others, Appellants. (Actions Nos. 1 and 2.)

Fourth Department, November 5, 1931.

*William D. Johnson,* for the appellants.

*Chester J. Parker, Jr.,* for the respondents.

EDGCOMB, J. We have before us, in each of the above actions, a motion which is addressed not only to the form but to the sufficiency of the complaint.

With a minor exception, which will be referred to later, the complaint in each case is identical down to the demand for judgment. On the selfsame allegations plaintiffs seek entirely dissimilar relief. Action No. 1 is brought to recover treble damages alleged to have been sustained because the plaintiffs were ejected and put out of real property in a forcible manner. In action No. 2 respondents ask for a declaratory judgment, decreeing that a certain deed given by the Cambray Clothes, Inc., to the defendant Washougal Clothing Co., Inc., be declared a mortgage, and that, pending the trial, the clothing company be enjoined from selling or disposing of the property described in the instrument. One is an action at law, the other an action in equity.

From a mere statement of the nature of the two cases, the dissimilarity of the allegations necessary to state the respective causes of action is easily apparent. Yet the only difference in the two pleadings, outside of the prayer for relief, is the statement in the law action, which is not found in the other case, that, by reason of the recited facts, the plaintiffs had been damaged in the sum of $39,000.

The drawing of a stock complaint, containing allegations covering every conceivable transaction between the parties, and insisting that somewhere in the midst of the superabundance of allegations, facts may be found which will support any kind of an action which the plaintiff may desire to bring, is not to be commended or encouraged.

Section 535 of the Real Property Law (added by Laws of 1920, chap. 930) gives to one who is disseized, ejected or put out of real property in a forcible manner, a cause of action against the wrongdoer for treble damages occasioned by such eviction. The Legislature has seen fit to penalize one who resorts to force in order to obtain possession of real property peacefully occupied by another. It is a simple action. A plaintiff has only to allege and prove his peaceful possession and his forcible ejectment. He is not required to prove his right to possession. (*Compton* v. *The Chelsea*, 139 N. Y. 538, 542; *Gulish* v. *Johnston*, 206 App. Div. 625; *Waterbury* v. *Deckelmann*, 50 id. 434, 438.)

Instead of taking twenty-six pages of the printed record to state such a cause of action, plaintiffs could easily have done so on one page. A large proportion of the allegations of the complaint has no possible bearing on an action of this character. By wading through the superfluity of allegations and picking out a statement here and there, and disregarding all others, a cause of action under the statute can doubtless be spelled out against all the defendants, except Coleman and Bacon. As to them no cause of action is

attempted to be stated, and it is impossible to conceive of any reason why they should have been made parties.

Action No. 2 could likewise be stated in a brief space. All that it is necessary to allege is the interest of the plaintiffs, the loan by Isaacs, the giving of the deed, which, though absolute in form, was intended and agreed to be a security only for the repayment of the amount due, and any fact which makes the other defendants necessary parties. The larger part of the pleading has no bearing on the issues involved. It is doubtless true that, by following the same procedure suggested in the law action, a cause of action for reformation of the deed can be spelled out, unless, as claimed by the appellants, the unnecessary allegations set forth in the pleading show that the plaintiffs cannot recover because the entire transaction was illegal and fraudulent. We think that it is unnecessary to decide that question on this appeal for reasons which we will state later, and prefer not to pass upon it at this time.

Owing to the undue length of the complaints here under consideration, it is impossible, within the limits of an opinion, to more than briefly refer to the nature of the controversy. It grows out of certain financial difficulties of the Cambray Clothes, Inc., a corporation in which the plaintiffs and the defendants Coleman and Bacon were largely interested. According to the complaint, the defendant Washougal Clothing Co., Inc., the stock of which is owned largely by the defendants Isaacs and Pietrofesa, bought the assets of Cambray Clothes, Inc., for fifty per cent of the claims of the creditors of said corporation, the money being furnished by the defendant Isaacs; various contracts were made between the parties, or some of them, relating to what should be done and what should become of the property of the corporation; the company's plant was deeded to Isaacs, but plaintiffs assert that the transfer made was simply for the purpose of securing Isaacs for his advancements.

The complaints contain many allegations which have no bearing whatever on the issues involved in the particular action. They are replete with statements of evidentiary matters and of interviews, conversations and negotiations between the parties. Lack of space prevents a reference to all of such objectionable matter. A fair sample may be found in the 6th paragraph of the pleading, where it is alleged that the " plaintiffs entered into conversations with the defendant Joseph J. Pietrofesa, who then was and now is president of the defendant Washougal Clothing Co., Inc., looking to the finding of a purchaser for the assets and business of said Cambray Clothes, Inc., * * * and the said Pietrofesa declared his willingness to the plaintiffs on many occasions to aid said plaintiffs

in finding such a purchaser, and stated that he would do all that he possibly could to get his partner, the said defendant Lazarus Isaacs, to agree to make an acceptable offer to the Creditors' Committee." Again, in the 16th paragraph, it is alleged that on July 18, 1930, the defendants, except Coleman and Bacon, placed a padlock on one of the doors of the factory and demanded possession of the property from the plaintiffs, and that the plaintiffs refused possession, and removed the padlock from the door.

That these complaints violate every known rule of pleading cannot be doubted. Section 241 of the Civil Practice Act provides that "every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved." A simple rule, but too often disregarded. Many a pleader nowadays loses sight of the words "plain and concise."

Under our present system of pleading, no technical or exact language is required. It is enough if the statement of facts necessary to make out a cause of action can fairly be gathered from the complaint. We have departed a long way from the technical rules of the common law. The statute itself requires all pleadings to be liberally construed with a view to substantial justice between the parties. (Civ. Prac. Act, § 275.)

This rule of freedom, however, was never intended to change the basic requirement that a complaint should contain a terse, brief, simple and distinct statement of the facts on which the party relies, and not the evidence by which he expects to prove his cause of action, or to give to the pleader a license to draw his complaint in any manner which might suit his fancy. (*Stabilimento Metallurgico Ligure* v. *Joseph*, 189 App. Div. 173, 177, 178; *Maylender* v. *Fulton County Gas & El. Co.*, 131 Misc. 514, 518.)

It has repeatedly been held that matter which is pertinent as proof but unnecessary to a statement of plaintiff's cause of action has no place in a complaint. (*Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 362; *Powers* v. *Ridder*, 142 id. 457; *Hamilton* v. *Hamilton*, 124 id. 619; *Washington Life Ins. Co.* v. *Scott*, 119 id. 847; *Schroeder* v. *Post*, 3 id. 411.)

It is true that motions to strike out parts of a complaint as irrelevant or unnecessary are sometimes frowned upon by the courts. Mere technical objections to pleadings should not be encouraged further than is necessary for the orderly administration of justice. (*Dinkelspiel* v. *N. Y. Evening Journal Co.*, 91 App. Div. 96; *Hatch* v. *Matthews*, 85 Hun, 522.)

That rule, however, has no application where a large portion of the complaint is superfluous, and where every rule of pleading

has been violated. Neither does it apply where the useless and needless allegations tend to obscure the issue. (*Shank Textile Corp.* v. *Hemmerdinger*, 119 Misc. 320; affd., 203 App. Div. 889.)

The purpose of pleadings is to present and define the issues to be tried and determined, and not to confound and befog them. Slovenly drawn pleadings tend to deceive the opposing party, confuse the issue, and unnecessarily consume the time of the court.

Even in equity actions the rules governing pleadings should be reasonably enforced. (*Isaacs* v. *Salomon*, 159 App. Div. 675.)

It cannot be argued that appellants are not aggrieved. They must answer these allegations, if they are allowed to remain in the complaint. (*Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 362; *Schroeder* v. *Post*, 3 id. 411.)

To save a complaint, needless allegations are sometimes disregarded. But I know of no rule which requires the court to expunge and overlook the larger part of a pleading, and treat such portion as a phantom, in order to save the small part which is left, and hold the pleading good.

The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action. The time of the court should not be taken in a prolonged study of a long, tiresome, tedious, prolix, involved and loosely drawn complaint in an effort to save it.

In view of the numerous defects, it is apparent that the defendants should not be required to answer these complaints in the form in which they have been drawn. (*Peabody, Jr., & Co., Inc.,* v. *Travelers Ins. Co.*, 206 App. Div. 206.)

Rule 103 of the Rules of Civil Practice provides that sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous allegations, or matter which may tend to prejudice, embarrass or delay the fair trial of an action, may be stricken out, or that the court may order an amended pleading to be served. I think that the latter remedy is appropriate here, and that the plaintiffs should be required to serve amended complaints omitting all objectionable matter. The burden of determining just what is good and what is bad should not be imposed on the court, but left with the plaintiffs, where it belonged in the first instance.

Defendants argue with much force that the transaction, as detailed in the complaint, discloses a scheme whereby one creditor is to secretly receive more than his proportionate share of the distribution among the creditors of the bankrupt corporation, and

is, therefore, illegal and unenforcible. As a general rule such a question can be more satisfactorily determined upon the evidence adduced upon a trial of the issues than on such an unsatisfactory complaint. We know not what the amended pleadings will show. We prefer to leave the question of plaintiffs' right to recover in these actions to be determined after the trial of the issues, or, if necessary, to be decided on a proper motion addressed to the amended pleadings, when served. At this time we express no opinion on the merits of either case.

I think that the court below should have required the plaintiffs to serve an amended complaint in each action omitting all objectionable matter.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and plaintiffs directed to serve an amended complaint within twenty days, omitting all objectionable matter in accordance with the opinion, upon payment of ten dollars costs and the costs of this appeal. Until compliance with the terms of this order all other proceedings on the part of the plaintiffs are stayed.