FREDERICK H. TIPLIN, Appellant, v. W. N. BAYLIS and WARREN J. ELDREDGE, Defendants, Impleaded with WILLIAM W. HUBBARD, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

FREDERICK WILLIAM BERLIN, Respondent, v. META KOCH BERLIN, Appellant. — Interlocutory judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

BENJAMIN BLAZER, Respondent, v. JACOB PHILIPOWITZ and Others, Defendants, Impleaded with ROSE DAVIS and YETTA PHILIPS, Appellants.— The decision of this court handed down on March 28, 1932, is hereby amended to read as follows: Order appointing receiver *pendete lite* reversed on the law and the facts, without costs, and motion denied, without costs, on condition that within five days from the entry of the order herein appellants file a corporate surety bond securing the payment of the judgment, interest and costs in the event that the plaintiff succeeds in this action; and that they pay the reasonable fees and expenses of the receiver to date as determined by an accounting to be had by said receiver before the Special Term, said account to be filed within five days after service of a copy of the order herein with notice of entry thereof; otherwise, order affirmed, with ten dollars costs and disbursements. Appeal from order denying motion for reargument or to resettle order dismissed. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice. [See *ante*, p. 742.]

MORRIS COHEN, Respondent, v. PYRAMID BOND AND MORTGAGE CORPORATION and Others, Appellants.— Order in so far as it denies motion to make the complaint more definite and certain and that certain matters be struck out as irrelevant and redundant reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of providing that plaintiff be directed to serve, within twenty days, an amended complaint, omitting therefrom all irrelevant and redundant matter and making it more definite and certain. " The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together * * *, will state a cause of action." (*Isaacs v. Washougal Clothing Co., Inc.*, 233 App. Div. 568, 572.) This is a simple action to recover commissions for bringing about the exchange of real property, and the allegations of the complaint should be limited to " a plain and concise statement of the material facts * * *." (Civ. Prac. Act, § 241; *Isaacs v. Salomon*, 159 App. Div. 675.) By stipulation the second cause of action is abandoned and it is, therefore, unnecessary to direct plaintiff to state and number separately the causes of action. In so far as the order denies that relief, it is affirmed. In so far as it denies the motion to dismiss the complaint for insufficiency, the order is also affirmed. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

BIRD S. COLER, Commissioner of Public Welfare of The City of New York, on Complaint of MAE REILLY, Appellant, v. FRANK A. DOWDELL, Respondent.— On reargument, order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the facts and a new trial ordered, upon the ground that the determination is contrary to the weight of the evidence. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur. [See *ante*, p. 633.]