Long Island Railroad Company, Claimant, *v.* State of New York, Defendant. (Claim No. 28291.)

Court of Claims, March 31, 1947.

*Henry B. Staples* and *Louis J. Carruthers* for claimant.

*Nathaniel L. Goldstein*, Attorney-General (*Gerald J. Carey* of counsel), for defendant.

Greenberg, J. The motion herein, made pursuant to rule 103 of the Rules of Civil Practice, is addressed to the contents of the claim which is replete with evidentiary matter and exhibits.

The sole provision in the Court of Claims Act (L. 1939, ch. 860) with respect to the contents of a claim are contained in section 11, which provides: " The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and total sum claimed * * *." Subdivision 9 of section 9 of the Court of Claims Act provides: " * * * and except as otherwise provided by this act or by rules of this court or the civil practice act, the practice shall be the same as in the supreme court." The Civil Practice Act specifically states that (§ 241): " Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved."

The claim herein was filed pursuant to chapter 960 of the Laws of 1946 which conferred jurisdiction upon this court to hear and determine the claims of the Long Island Railroad Company against State of New York " for compensation for damages caused by the appropriation by the state, or the taking, occupation and use, or both, for railroad purposes in connection with the elimination of highway-railroad crossings at grade on the Long Island Railroad in the Village of Lynbrook, in Nassau County of lands and interests in lands owned or acquired by

the said railroad corporation and alleged to be beyond the normal or reasonable limits of its right of way, and to render judgment therefor ''. The nature of the railroad's cause of action is clearly and concisely set forth in paragraph 2 of its claim, as follows: '' This claim is for compensation for damages caused by the appropriation by the State * * * pursuant to Chapter 678 of the Laws of 1928, as amended. [Listing description of parcels.] ''

The allegations contained in paragraphs 3, 9 and 10, which are the subject matter of this motion to strike out, are irrelevant and unnecessary; none of said allegations are statements of relevant facts but, on the contrary, are at best evidentiary. '' It has repeatedly been held that matter which is pertinent as proof but unnecessary to a statement of plaintiff's cause of action, has no place in a complaint. (*Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 362; *Powers* v. *Ridder,* 142 id. 457; *Hamilton* v. *Hamilton,* 124 id. 619; *Washington Life Ins. Co.* v. *Scott,* 119 id. 847; *Schroeder* v. *Post,* 3 id. 411.) '' (*Isaacs* v. *Washougal Clothing Co., Inc.*, 233 App. Div. 568, 571.)

Rule 103 of the Rules of Civil Practice, providing for the striking out of '' irrelevant, * * * unnecessary '' allegations or matters which '' may tend to prejudice, embarrass or delay the fair trial of the action,'' is applicable. Without in any way expressing an opinion as to the admissibility of any of the documents or exhibits which are made part of the claim and to which this motion is addressed, the motion to strike out is granted and leave is granted to the claimant to serve an amended claim omitting such objectionable matter within twenty days from date of entry and service of an order. Submit order accordingly.