John C. Boylan, S.
This is a motion to strike out the objections of one of the chief beneficiaries named in the will.
During the many conferences had in this matter, the parties were advised repeatedly by the court that before framing objections, the draftsman should first become thoroughly familiar with the terms of the will, sections 49 and 210 of the Surrogate’s Court Act, and then proceed accordingly. Unfortunately, the draftsman of the objections now before the court, paid little heed to our advice.
The purpose of pleadings is to present and define the issues to be tried and determined, and not to confound and befog them. The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the objection, will state a cause of action (Joseph v. Ervolina, 285 App. Div. 1218; Cohen v. Pyramid Bond & Mtge. Corp., 235 App. Div. 811; Isaacs v. Washougal Clothing Co., 233 App. Div. 568, 572).
The pleadings as a whole, offend every rule of good pleading and fail to comply with sections 49 and 210 of the Surrogate’s Court Act.
Accordingly, the objections are stricken, with $10 costs, and the objectant is permitted to serve amended objections within 10 days. Before drafting and submitting said amended objection, or objections, the draftsman should first read the will, and direct his attention to sections 18 and 20 thereof, with particular attention to the following portion of section 20 “In so far as may be permitted by law, none of my Executors or Trustees shall be liable for any act or omission in connection with the administration of my estate or of the trust, or any powers hereunder, nor for any loss or injury to any property held in or under my estate or of said trust or powers, except only for *578 actual fraud, and none of my Executors Or Trustees shall be responsible for any act or omission of any other Executor or Trustee ”.
Submit order in accordance herewith, and the moving party is directed to comply with rule 14 of the Richmond County Surrogate’s Court Rules.