MILTON S. JENNINGS et al., Doing Business as W. T. GRIMM & COMPANY, Respondents, *v.* BURLINGTON INDUSTRIES, INC., et al., Appellants.

First Department, November 8, 1962.

*Benjamin Spiegel* of counsel (*Harry H. Wachtel* and *Arthur L. Diamond* with him on the brief; *Wachtel & Michaelson*, attorneys), for Rapid-American Corporation, appellant.

*Seymour Greene* for McCrory Corporation and another, appellants.

*Robert S. Newman* of counsel (*Lowenstein, Pitcher, Hotchkiss, Amann & Parr*, attorneys), for Burlington Industries, Inc., appellant.

*Abraham L. Pomerantz* of counsel (*Morton L. Price* with him on the brief; *Pomerantz Levy & Haudek*, attorneys), for respondents.

STEVENS, J. The defendants appeal from orders entered May 9, 1962, which denied their motions to dismiss the amended complaint for insufficiency.

In this action to recover finders' fees, the first and third causes are directed against the purchasers, the first being in contract and the third cause in *quantum meruit*. The second and fourth causes are against the sellers and McCrory Corporation (herein McCrory). The cause of action against the single purchaser, McCrory, originally joined in said second and fourth causes, was dismissed by order of Special Term, and no appeal is taken from such dismissal. The second cause of action is apparently for wrongful interference with plaintiffs' contract right to a commission, while the fourth alleges a conspiracy to deprive plaintiffs of compensation for the fair and reasonable value of their services on an implied contract.

The complaint is significant for what it omits as well as what it asserts. In the first cause it alleges an agreement in December, 1958 with one Riklis, not a party defendant, whereby plaintiffs were to interest defendants Lane and Burlington Industries, Inc. (herein Burlington) to sell their Lerner shares to Riklis or a company designated by him, the purchaser of such shares to pay plaintiffs 4% of the purchase price. Defendant Rapid-American Corporation, of which Riklis was the controlling stockholder, was thereafter designated. Plaintiffs seem to allege performance by arranging meetings between the sellers and Riklis on behalf of Rapid-American, as a result of which an agreement was entered in March, 1961, whereby shares were sold at $36 per share. The shares were not taken down by

Rapid-American, but by McCrory, to whom Rapid-American had transferred the agreement to purchase and who took with knowledge. It is alleged that in 1960, Rapid-American acquired a 30% interest in McCrory.

While some sort of agreement is alleged, it does not appear definitively that there was any agreement to sell to Rapid-American, and certainly Riklis had no authority to bind McCrory in 1958. Mere knowledge on the part of McCrory in 1961 is not sufficient to render it jointly and equally liable with Rapid-American for the commissions. Nor is it alleged that the sale to McCrory was the result of the alleged 1958 agreement, or that McCrory accepted or ratified the agreement (cf. *Seckendorff* v. *Halsey, Stuart & Co.,* 259 N. Y. 353). It does not appear when the meeting with Riklis, purportedly on behalf of Rapid-American, was arranged and held, and whether the sale was a direct outgrowth thereof.

As to the third cause, obviously McCrory never requested anything of the plaintiffs so could not be liable in *quantum meruit,* and there is no definite or sufficient pleading of acceptance or ratification.

In the second and fourth causes it is alleged that the sellers, with knowledge, conspired with Riklis and Rapid-American to defeat plaintiffs' rights to compensation and consented to the secret transfer of Rapid-American's agreement to purchase to McCrory, and thereafter had the purchase price increased, and the sellers divided the commission among themselves. The second cause seeks a commission of 4%, while the fourth cause seeks 5% of the sale price as the fair and reasonable value of plaintiffs' services. The second and fourth causes appear to be in tort. If sustained the plaintiffs might be entitled to damages. While the damages might be the same amount as the contract price, the plaintiffs must plead this amount as damages which the plaintiffs do not do here.

There are many gaps in the pleadings, and ultimate conclusions alleged, rather than material facts. Certainly the complaint does not comply with the requirements of section 241 of the Civil Practice Act that it contain a plain and concise statement of the material facts on which the party pleading relies. Even a liberal reading will not supply the omissions or cure the defects.

It may be that some cause of action is stated in the complaint when read in its entirety. '' The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the

complaint, will state a cause of action." (*Isaacs* v. *Washougal Clothing Co.*, 233 App. Div. 568, 572; *Safer Beef Co.* v. *Northern Boneless Beef*, 15 A D 2d 479.)

The orders appealed from should be reversed on the law and in the exercise of discretion, with costs to the appellants and the complaint dismissed. Leave to replead, however, should be granted the respondents conditioned upon the payment of such costs.

Rabin, J. P., Valente, McNally and Steuer, JJ., concur.

Orders, entered on May 9, 1962, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the complaint dismissed. Leave to replead, however, is granted the respondents conditioned upon the payment of such costs. Settle order on notice.