M. Henry Martuscello, J.
Defendants in this negligence action move to strike paragraphs 3, 8, 9, 10 and 14 of the complaint as being scandalous and prejudicial and unnecessarily inserted therein (CPLR 3024, subd. [b]). Upon the argument of the motion movants withdrew objection to paragraph 3.
The main thrust of the complaint, as summarized in plaintiff’s own language, is not questioned. It charged the defendants with having “ allowed one of their students, unskilled and inexperienced in accepted standards of diagnosis and treatment of plaintiff’s condition, to deviate from these standards and thereby negligently manipulate the plaintiff’s spine causing the injuries complained of.” Said student is not a party to the action.
Plaintiff, however, has included other allegations in the paragraphs under attack which set forth additional facts as follows: That defendants invited persons to study the practice of chiropractic therein; that defendants invited students to perform chiropractic techniques upon clinic applicants and to experiment and acquire chiropractic experience; that defendants allowed students without comprehensive knowledge or experience and without proper supervision to manipulate the spine of clinic applicants; that defendants failed to require of the students a comprehensive examination of their proficiency; and that the technique of manipulating the spine is a “ highly technical procedure.”
Plaintiff claims that the subject paragraphs are pertinent and material to her cause of action since she charges the defendants “with failing to follow accepted standards of diagnosis and treatment of the plaintiff’s physical condition at the time she
*430 came to them for treatment.” Without questioning plaintiff’s right to assert the proper standards applicable in chiropractic malpractice situations (see Brown v. Shyne, 242 N. Y. 176,181), I am of the opinion that she seeks to go much further by expanding the issues so as to place in issue the chiropractic skill and knowledge, • or rather the lack thereof, of every student of the defendant institute, as well as specified chiropractic techniques. Malpractice is ‘ ‘ a peculiar kind of negligence ’ ’ which is ‘1 difficult of proof ” and is, as a rule, shown by “ evidence educed from the testimony of conflicting experts.” (Morwin v. Albany Hosp., 7 A D 2d 582, 585.) Matter, though possibly pertinent as proof, has no place in a pleading if it is unnecessary to a statement of a cause of action. (See Newton v. Livingston County Trust Co., 231 App. Div. 355, 362.) In my opinion the questioned paragraphs are not a necessary part of plaintiff’s cause of action and to allow same to stand would needlessly broaden the issues which defendants would be compelled to meet at the trial, to their substantial prejudice. Motion granted.